THE CONNEAUT BUILDING & LOAN CO., APPELLEE, *v.*
FELCH ET AL., APPELLANTS.

(No. 512—Decided March 17, 1955.)

*Mr. George D. Kingdom,* for appellee.
*Messrs. Pontius & Barsky, Mr. H. E. Kauffman, Mr. John J. Kane, Mr. Wade W. Woodbury, Mr. W. P. Osenbaugh, Mr. Walter E. Thayer, Mr. V. H. Karlinger, Mr. Jay L. Mennell* and *Messrs. Kitchen & Messner,* for appellants.

GRIFFITH, J. Defendants, L. G. Felch and Marian L. Felch, his wife, held legal title to land in Ashtabula County, designated herein as tracts 1, 2, 3 and 4.

Plaintiff, Conneaut Building & Loan Company, held a first mortgage on tracts 1 and 2.

Defendant Andrews held a first mortgage on tract 3.

Defendant Jones held a first mortgage on tract 4, and a third mortgage on tracts 1 and 2.

Defendant Stitt held a second mortgage on tracts 1, 2 and 3.

Defendant Dibbs held a judgment lien against defendant Marian L. Felch on tracts 1, 2, 3, and 4.

Dibbs' judgment lien was the fourth lien on parcels 1 and 2; the third lien on parcel 3; and the second lien on parcel 4.

Plaintiff commenced an action in the Court of Common Pleas against the defendants L. G. Felch and Marian L. Felch, to foreclose its mortgage on tract 1, and by cross-petition sought to foreclose on tract 2; and, by pleadings duly filed, the other named defendants became parties and set up their respective claims.

Defendants L. G. and Marian L. Felch were in default for answer, and the entry journalizing the trial court's decree of foreclosure was approved by all parties except them.

The trial court ordered bids taken on each tract separately, and then on the four tracts as a whole. Bids on the individual tracts totaled $11,775. The bid on the four tracts as a whole was $20,000. The sheriff sold the premises as a unit to the successful bidder, defendant Jones.

The trial court confirmed the sale, ordered a deed, and ordered the proceeds of the sale distributed as follows:

| | |
|---|---|
| Taxes | $ 158.24. |
| Costs | $ 330.81. |
| Poundage | $ 117.71. |

Conneaut Building & Loan Company, on its judgment of $2,983.84, and interest from May 1, 1953, on first mortgage on tract 1, $3,052.68.

Conneaut Building & Loan Company, on its judgment of $5,067.12, and interest from May 1, 1953, on first mortgage on tract 2, $5,236.10.

Andrews on his judgment of $550, and interest from May 1, 1953, on first mortgage on tract 3, $556.88.

Stitt on his judgment of $3,815.94, and interest from May 1, 1953, on his second mortgage on tracts 1, 2 and 3, $3,863.63.

Jones on his judgment of $6,368.48, and interest from May 1, 1953, on his third mortgage on tracts 1 and 2, and on his first mortgage on tract 4, $6,458.11.

United States tax lien against L. G. Felch only, which was a third lien against tract 3, as to L. G. Felch (no lien against Marian Felch's interest) of $367.69, $112.92.

Dibbs, on his judgment of $5,979.26 on his fourth lien as to Marian Felch on tracts 1 and 2, and on his third lien as to Marian Felch on tract 3, and on his second lien as to Marion Felch on tract 4, $112.92.

Total $20,000.00.

Dibbs appealed to this court on questions of law from the judgment of the trial court confirming the sale and from its order of deed and distribution of proceeds, and contends that the Court of Common Pleas erred in failing to apportion the proceeds of sale on foreclosure either:

(a) According to the ratio that the amount bid for each individual parcel bore to the amount bid for all parcels, or

(b) According to the ratio that the appraisal of each individual tract bore to the total appraisal of all tracts.

The judicial sale of the four parcels as a whole was in all respects in conformity to law, and its confirmation by the court precluded all parties to this action from now asserting any claims against any one of the four parcels.

The purchaser acquired title free from all rights of parties to this action. See Section 2329.45, Revised Code. The only matter remaining for the consideration of this court is as to the trial court's order of distribution. *As to the confirmation of sale, the court has certain discretionary powers; as to the order of distribution of proceeds of a judicial sale, the court has no discretion whatsoever.*

In making distribution, it was the duty of the court to determine the rank of all the claims; and since the four parcels were subject to different liens and interests, and the lands were offered for sale separately in parcels and then as a whole, and the bid for the property as a whole exceeded the aggregate of the several highest bids for the separate parcels by $8,225, *the $20,000 should have been apportioned among the claimants; and since the main lien holders were present at the sheriff's*

*sale and bid on the parcels separately, it would appear that the amount bid separately for the constituent parcels furnishes a proper basis for the distribution of the proceeds of sale.* This court is satisfied that this plan is fair and equitable and affords due recognition to the rights of each claim of the creditors.

Adopting this as a basis, the trial court was correct in ordering first the payment of taxes and court costs totaling $606.76.

From the sale of parcel 1, there would be a remaining balance of $3,296.86; from the sale of parcel 2, a remaining balance of $11,519.58; from the sale of parcel 3, a remaining balance of $2,812.28; and from the sale of parcel 4, a remaining balance of $1,764.78.

From the sale of parcel 1, the Conneaut Building & Loan Company should receive $3,052.68; Stitt should receive $108.18; and Jones should receive $136.

From the sale of parcel 2, the Conneaut Building & Loan Company should receive $5,236.10; Stitt should receive $2,762.50; and Jones should receive $3,520.98.

From the sale of parcel 3, Andrews should receive $556.88; Stitt should receive $992.95; the United States government should receive, on its tax lien against L. G. Felch on his one-half interest in parcel 3, $367.69; Dibbs should receive, on his lien against Marian Felch's one-half interest in parcel 3, $631.09; and the balance, $263.41, should be available for costs and junior lien holders, and, if none, then it should go to general creditors.

From the sale of parcel 4, Jones should receive the entire balance of $1,764.78.

The difficult question in making the distribution in this case is the proper apportionment of Stitt's second mortgage. There appears to be no justification for apportioning it first to parcel 3 and, after exhausting that fund, to then apply it to parcels 1 and 2. This was done by the trial court, thereby enabling Jones to recover in full.

We think such apportionment is contrary to the century-old rule laid down in the case of *Green* v. *Ramage,* 18 Ohio, 428, 51 Am. Dec., 458, the syllabus of which reads as follows:

"Where A has a mortgage upon two lots, and B has a sub-

sequent mortgage upon one, and C upon the other of the lots, of a later date than the mortgage of B, A cannot be compelled at the instance of B to exhaust first the lot on which C has his mortgage.

"In such case A will be required to make his debt out of both lots, in proportion to the amount that each may produce."

This court holding the views herein expressed, the judgment of the trial court will be affirmed in part and reversed in part.

The trial court is affirmed in its order of confirmation of sale and order of deed; affirmed as to its order of distribution of proceeds to the payment of taxes and the court costs amounting to $606.76; affirmed as to the payment to the Conneaut Building & Loan Company of $8,288.78; affirmed as to its payment to Stitt in the amount of $3,863.63; and affirmed as to the payment to Andrews of $556.88.

The trial court is reversed as to the payment to Jones of $6,458.11, Jones being entitled only to the sum of $5,421.76; the U. S. Government is entitled not to the sum of $112.92, but is entitled to $367.69; and Dibbs, on his judgment lien, is entitled to and should receive $631.09.

There remains the sum of $263.41, which the court should apply to the costs of this proceeding in appeal, and then to such junior lien holders as it may find entitled thereto or, in the absence of such, to general creditors.

The cause is remanded to the trial court with instructions to modify its order of distribution of the proceeds of the sale and make distribution in accordance herewith.

*Judgment affirmed in part and reversed in part.*

NICHOLS and PHILLIPS, JJ., concur.