OPINION
{¶ 1} This case involves a dispute over a 60-foot strip of land located in Idlewood Estates subdivision in Mentor, Ohio. On the dedication plat, the strip of land is identified as "Parcel A" and has come to be known as "Carmen Place."
 {¶ 2} Appellants, Philip N. Grano, Terry A. Grano, Alfred J. Williams, and Irene A. Williams (collectively referred to as "appellants"), initiated a lawsuit against appellee, City of Mentor ("the city"), to vacate Carmen Place, which is contiguous to their homes. All of the appellants reside in the Idlewood Estates subdivision. Appellants Grano live on the west side of Carmen Place, and appellants Williams live on the east side of Carmen Place. Appellants sought vacation of Carmen Place pursuant to R.C. 723.09.
 {¶ 3} The Lake County Common Pleas Court dismissed appellants' lawsuit. On review, we affirm the judgment of the trial court.
 {¶ 4} Appellants filed their action for vacation of Carmen Place in September 2004. The city filed its answer in October 2004. In its answer, the city denied that the vacation of Carmen Place would be in the general interest of the city.
 {¶ 5} On October 18, 2004, appellants served their first request for admissions upon the city by electronic mail. One of the requests for admission (request number 25) asked the city to admit that the vacation of Carmen Place would be in the general interest of the city. The request for admissions was also served by regular mail, and the mailed copy was received by the city on October 19, 2004.
 {¶ 6} Appellants filed a motion for summary judgment on January 31, 2005. Their motion relied on request for admission number 25 having been admitted by virtue of the fact that the city had not responded to the request for admissions. The city responded to the motion for summary judgment on February 14, 2005. In its response, the city argued that request for admission number 25 may not be used as a basis to obtain summary judgment because it was not properly served upon the city. It also argued that R.C. 723.09 does not provide the remedy sought by appellants because Carmen Place is not a dedicated street, one of the requirements of that statute. Finally, the city stated that Carmen Place is used by city residents as a pedestrian walkway and is, therefore, put to public use.
 {¶ 7} Also on February 14, 2005, the city requested additional time to respond to the first request for admissions. The city gave as one of its reasons for not responding in a timely basis the fact that service of the request for admissions was not in compliance with the civil rules. Specifically, Civ.R. 36(A) requires both an electronic and paper copy be sent. The electronic copy may be in the form of a computer disk or electronic mail, or by other means agreed to by the parties. According to the city, the email transmission had a suspicious address that was deleted as probable spam. Thus, argues the city, the lack of a clear identity of the email sender relieved the city of the obligation to respond timely to the first request for admissions.
 {¶ 8} Attached to the city's request for additional time were the answers to the first request for admissions. In answer to request number 25, the city denied that the vacation of Carmen Place would be in the general interest of the city.
 {¶ 9} On March 11, 2005, the trial court granted the city's motion for additional time to respond to the first request for admissions.
 {¶ 10} On April 21, 2005, the trial court denied appellants' motion for reconsideration of its previous ruling to grant additional time to respond to the first request for admissions and also denied their motion for summary judgment.
 {¶ 11} The matter was tried to the court. On October 6, 2005, the trial court entered judgment in favor of the city and ordered that appellants' complaint be dismissed. In its judgment entry, the trial court found that appellants had not satisfied their burden of proof to demonstrate, according to the terms of R.C.723.09, that the vacation of Carmen Place would promote the general interest of the city. The court cited to R.C. 723.09, which reads as follows:
 {¶ 12} "The court of common pleas may, upon petition filed in such court by any person owning a lot in a municipal corporation, for the establishment or vacation of a street or alley in the immediate vicinity of such lot, upon hearing, and upon being satisfied that it will conduce to the general interests of such municipal corporation, declare such street or alley established or vacated, but this method shall be in addition to those prescribed in sections 723.04 to 723.08, inclusive, and section723.02 of the Revised Code."
 {¶ 13} Appellants filed a timely appeal to this court, raising the following two assignments of error, both of which rely on request for admission number 25 having been admitted:
 {¶ 14} "[1.] The trial court erred to the prejudice of Plaintiffs-Appellants in granting the motion to enlarge time to answer plaintiffs' first request for admissions.
 {¶ 15} "[2.] The trial court erred to the prejudice of plaintiffs-appellants in denying their motion for summary judgment."
 {¶ 16} The standard of review for the granting of a motion to enlarge time is abuse of discretion.[1] The standard of review for the denial of a motion for summary judgment is de novo.[2]
 {¶ 17} We shall first consider whether the trial court abused its discretion in granting the city's motion to enlarge the time within which to answer appellants' first request for admissions. An abuse of discretion "`implies that the court's attitude is unreasonable, arbitrary or unconscionable.'"[3]
 {¶ 18} Civ.R. 6(B) gives the trial court discretion to grant extensions of time to respond to pleadings in the case of excusable neglect. The rule provides, in pertinent part, as follows:
 {¶ 19} "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]"
 {¶ 20} Civ.R. 36(A) provides that, in the case of requests for admission, the matter is admitted "unless, within a period designated in the request, not less than twenty-eight days after service thereof * * * the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter[.]"
 {¶ 21} In this case, appellants' attorney requested that the first request for admissions be answered within 28 days of service thereof. Their attorney signed the request for admissions and gave his email address as dcfsolon@aol.com. The certificate of service portion to the request for admissions stated that the document was being served by mail as well as electronically to Attorney Hennig, the city's attorney, at his email address (hennig@bakerhackenberg.com) on October 18, 2004. The email transmission to Attorney Hennig reflected that the sender of the email had an email address of CarbMurph@aol.com; and no subject was reflected in the subject line.
 {¶ 22} The city's motion for an extension of time within which to respond to the first request for admissions was filed on February 14, 2005, well after the time allowed for a response, assuming proper service of the first request for admissions. The city offered four reasons to justify the untimely response, and, as stated above, enclosed a copy of its answers with its motion to enlarge time. The four reasons were: (1) in a letter dated November 12, 2004, the city proposed a settlement of the dispute, stated that it was working on completing discovery, and also brought to appellants' attention the fact that electronic format or copy of the request for admissions is required; (2) request for admission number 25 was identical to the allegation in appellants' complaint paragraph 24, which the city had already denied in its answer; (3) appellants' attorney sent a letter on December 27, 2004, indicating that additional discovery would be forthcoming, which the attorney for the city took to mean that appellants' attorney would try to properly serve the first request for admissions that it had failed to do on October 18, 2004; and (4) the electronic format did not adequately identify the sender of the email transmission on October 18, 2004 and did not have a subject indicated thereon.
 {¶ 23} Therefore, under Civ.R. 6(B), the trial court had to decide whether there was excusable neglect that would have permitted the city to respond to the first request for admissions beyond the 28 days allowed for such a response.
 {¶ 24} In its judgment entry dated March 11, 2005, the trial court discussed the countervailing arguments for granting the city an extension of time. The court noted that the parties were working toward settlement in November 2004 and that the city contended the email transmission of October 18, 2004 was not reasonable because it did not identify the sender.
 {¶ 25} The trial court noted, with respect to appellants' arguments not to grant an extension of time, that the city had received the paper copy of the request for admissions on October 19, 2004 and did not timely respond to it; that appellants' motion for summary judgment was pending two weeks before the city filed its motion for an extension of time to answer the request for admissions; and that the parties were exploring settlement, but that the city did not respond to appellants' offer of settlement.
 {¶ 26} The trial court then noted that the city had denied the allegation sought to be admitted in its timely filed answer.
 {¶ 27} The trial court then made the following finding:
 {¶ 28} "The parties acknowledge that they were discussing settlement in November 2004 and Defendant City of Mentor indicates that settlement negotiations combined with some excusable neglect on the part of the City are the causes of Defendant's failure to respond."
 {¶ 29} Even though the trial court did not expressly state the acts that constituted "some excusable neglect" by the city, it did allude to the email transmission of October 18, 2004, and to the city's contention that the email transmission was not acceptable because it did not adequately identify the sender. In granting the city's motion for an extension of time within which to respond to the request for admissions, the trial court, in effect, stated that the city acted reasonably in deleting the email for lack of an identifiable sender. We agree.
 {¶ 30} "When applying an abuse of discretion standard, this Court may not substitute its judgment for that of the trial court."[4]
 {¶ 31} Moreover, "excusable neglect depends on the facts and circumstances of each case."[5]
 {¶ 32} Under the facts and circumstances of the instant case, we find that the trial court reasonably concluded that the city's deletion of the email transmission constituted excusable neglect that would justify an extension of time to respond to the request for admissions. We note in this regard that the excusable neglect standard under Civ.R. 6(B) "is similar to the excusable-neglect standard under Civ.R. 60(B) but is applied less stringently."[6] Thus, under the less stringent standard of Civ.R. 6(B), it was not incumbent upon the city to review its email deletions after it had received the paper transmission of the request for admissions to ensure that it had not deleted an email transmission by mistake. The city acted reasonably in deleting the suspicious email. Nor was it incumbent on appellants' attorney to further inquire of the city once he received the city's letter of November 12, 2004, inquiring whether there had been an electronic transmission, to contact the city's attorney to clear up any confusion about the electronic transmission. However, the nature of electronic transmissions is such, especially with email communications containing a large quantity of spam, that attorneys should be scrupulous in identifying themselves and their subject in the sender and the subject lines in order to avoid this kind of confusion. Had appellants' attorney identified himself with his own email address and inserted a subject heading into the subject line of the email, the city would have less reason to justify their untimely request to respond to the request for admissions. Not having timely responded, however, we do not believe it was unreasonable under the circumstances of this case to have granted the city's request for additional time to answer the request for admissions.
 {¶ 33} The first assignment of error is without merit.
 {¶ 34} Under appellants' second assignment of error, they argue that the trial court erred in not granting their motion for summary judgment.
 {¶ 35} Ordinarily, where the trial court enters judgment following a trial on the merits in favor of the party who was the nonmoving party to a motion for summary judgment, the issue raised in the motion for summary judgment is rendered "moot or harmless" in a subsequent appeal. As stated by the Supreme Court of Ohio:
 {¶ 36} "[A]ny error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made."[7]
 {¶ 37} In this case, however, the issue raised in appellants' motion for summary judgment, namely, the failure to respond to appellants' requests for admissions, was disposed of by the trial court prior to the trial on the merits. Therefore, because the trial on the merits did not directly address this issue, as it had already been disposed of, we shall consider this issue in this review.
 {¶ 38} We next observe that appellants' argument in support of this assignment of error subordinates the principle that cases are to be heard on their merits, and the trial court did hear this case on the merits.[8]
 {¶ 39} In addition, appellants' argument hinges on the notion that appellants' request for admission number 25 was admitted for lack of a timely response. They cite to the case of ClevelandTrust Co. v. Willis from the Supreme Court of Ohio for the proposition that "[f]ailure to respond at all to the requests [for admissions] will result in the requests becoming admissions."[9]
 {¶ 40} However, in dicta, the court in the Willis case allowed that "[u]nder compelling circumstances, the court may allow untimely replies to avoid the admissions."[10] Thus, the Supreme Court of Ohio allows that there can be circumstances where a party may file untimely responses to requests for admission.
 {¶ 41} More specifically, the discussion in assignment of error number one indicates that a party may seek an extension of time under Civ.R. 6(B) to file responses to requests for admissions if he or she can show excusable neglect for having failed to timely respond to the requests.
 {¶ 42} As stated by the trial court in its ruling denying appellants' motion to reconsider its prior ruling granting an extension of time to respond to the request for admissions:
 {¶ 43} "Plaintiffs based their Motion solely on the fact that the Defendant had failed to respond to the Request for Admissions. However, as Defendant was permitted to respond to the Admissions with leave of court, said argument was rendered moot. As such, Plaintiffs['] Motion shall be denied."
 {¶ 44} We likewise hold that appellants' argument in this second assignment of error, relying as it does on the failure of the city to timely respond to a request for admissions, has been rendered moot by this court's conclusion in the first assignment of error that the trial court committed no error in permitting the city to respond to the request for admissions. Once the request for admission number 25 was denied by the city, appellants could no longer avail themselves of that request for admission as the sole basis upon which to seek summary judgment.
 {¶ 45} The second assignment of error is without merit.
 {¶ 46} The judgment of the trial court is affirmed.
Donald R. Ford, P.J., concurs, Colleen Mary O'Toole, J., concurs in judgment only.
[1] (Citations omitted.) State ex rel. Lindenschmidt v. ButlerCty. Bd. of Commrs. (1995), 72 Ohio St.3d 464, 465.
[2] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105.
[3] (Citations omitted.) Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
[4] Women's Care, Inc. v. Belcher, 5th Dist. No. 2004-CA-0047, 2005-Ohio-543, at ¶ 29, citing S. Ohio Coal Co. v.Kidney (1995), 100 Ohio App.3d 661, 667.
[5] Id. at ¶ 31, citing Colley v. Bazell (1980),64 Ohio St.2d 243, 249.
[6] Epicor Software Corp. v. Sample Machining Co., 2d Dist. No. 20390, 2005-Ohio-2234, at ¶ 57, citing State ex rel.Lindenschmidt v. Butler Cty. Bd. of Commrs., supra, at 466.
[7] Continental Ins. Co. v. Whittington (1994),71 Ohio St.3d 150, 156.
[8] See, e.g., King v. Ricerca Biosciences, LLC, 11th Dist. No. 2005-L-068, 2006-Ohio-2146, at ¶ 12, Stenglein v. Nelson,
11th Dist. No. 2003-P-0004, 2003-Ohio-5709, at ¶ 11.
[9] Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66,67. See, also, Balli v. Zukowski, 11th Dist. No. 2004-G-2560, 2004-Ohio-6702, at ¶ 36.
[10] Id.