OPINION
{¶ 1} Appellant, Lorenzo M. Wilson, pro se, appeals from the judgment of the Ashtabula County Court of Common Pleas, which denied his motion for new trial and motion to reopen discovery. For the following reasons, we affirm.
 {¶ 2} Statement of Facts and Procedural History
 {¶ 3} This appeal stems from a foreclosure action involving certain property in Rock Creek, Ashtabula County, Ohio. Foreclosure proceedings commenced on March 17, 2004, when appellee, Ameriquest Mortgage Company, filed a complaint in the *Page 2 
Ashtabula County Court of Common Pleas alleging appellant and his wife, who was also a named defendant, had defaulted on their loan payments. The case was then stayed three different times due to appellant's bankruptcy proceedings. On December 28, 2005, the case was returned to the active docket for the last time.
 {¶ 4} On February 1, 2006, appellee filed a motion for summary judgment. On the same day, the trial court issued a judgment entry ordering discovery to be completed by February 28, 2006. Both appellant and his wife failed to respond to appellee's admissions requests, which were issued on June 16, 2005. The failure to respond resulted in each of the requests being deemed admitted pursuant to Civ. R. 36. On March 13, 2006, appellant filed an affidavit in opposition to the motion for summary judgment.
 {¶ 5} On March 15, 2006, the court found in favor of appellee on summary judgment, issued the final decree of foreclosure, and entered judgment in favor of appellee in the amount of $ 120,876.77. On March 17, 2006, appellant filed a motion to dismiss on the grounds of failure to join indispensable parties. On March 30, 2006, a praecipe for order of sale for the property was filed by appellee.
 {¶ 6} On April 6, 2006, appellant filed a motion for new trial and a motion to reopen discovery. The court overruled these motions on May 5, 2006, and ordered appellee to submit a judgment entry granting a foreclosure decree.
 {¶ 7} On May 26, 2006, the order of sale was issued. Appellant then filed a notice of appeal on June 6, 2006. A notice of appraisal of the property was valued at $ 99,000 on June 21, 2006, and on June 22, 2006, notice of the sheriff's sale on July 24, 2006, at 12:00 p.m. was issued. *Page 3 
 {¶ 8} On July 13, 2006, the court issued a judgment entry, which stated that unless appellant posted the required supersedeas bond in order to stay the foreclosure, the sheriffs sale would proceed. Appellant failed to do so, and on July 31, 2006, the property was sold to appellee for $ 66,000.
 {¶ 9} This court on August 2, 2006, ordered the trial court to clarify the March 15, 2006 and May 5, 2006 judgments. The March 15 judgment stated that it was the final decree of foreclosure. However, on May 5, the trial court ordered appellee to issue another decree of foreclosure. Thus, it was unclear which entry was meant to be the final appealable order.
 {¶ 10} On August 22, 2006, the trial court issued a judgment entry, which clarified that the foreclosure decree language in the May 5, 2006 entry was superfluous and that the judgment entry of March 15, 2006, was the final decree of foreclosure.
 {¶ 11} On September 22, 2006, we found that the trial court had resolved this jurisdictional issue of a timely appeal, and on November 7, 2006, we found that the final appealable order herein was the clarification judgment entry of the trial court dated August 22, 2006. Thus, we found that appellant's notice of appeal filed on June 6, 2006, would be considered a premature appeal pursuant to App.R. 4(C).
 {¶ 12} Appellant raises the following two assignments of error:
 {¶ 13} "[1.] The trial court erred in granting summary judgment.
 {¶ 14} "[2.] The trial court erred in its scheduling order and denial of discovery and Violation [sic] of Rule 5(A) Ohio R.C.P."
 {¶ 15} Satisfaction of Foreclosure Judgment
 {¶ 16} As a preliminary matter, we note that appellee raises the issue of whether appellant's assignments of error are now moot since the foreclosure decree and *Page 4 
judgment have been satisfied. Appellee contends that because the judgment has been satisfied no relief can be offered to appellant.
 {¶ 17} We reject this argument. We find that relief, if so required, can be granted to appellant in the form of restitution. Furthermore, we find this appeal to be timely due to the confusion over what constituted the final appealable order below. Thus, we believe this case should be decided on its merits.
 {¶ 18} This case is unlike our previous holding in Charter One Bank,F.S.B. v. Mysyk, 11th Dist. No. 2003-G-2528, 2004-Ohio-4391, where we held that "[i]t is well-established that a judgment entry ordering a foreclosure sale and delineating the order of priority for the distribution of proceeds is a final appealable order." Id. at ¶ 4, citing Alegis Group L.P. v. Allen, 11th Dist. No. 2002-P-0026, 2003-Ohio-3501, at ¶ 13. In that case, the issues that were raised on appeal dealt with the merits of the foreclosure order. However, we dismissed the case, finding the issues to be moot since the appeal was untimely, the sheriffs sale had already occurred, and the judgment was satisfied. Id. at ¶ 4.
 {¶ 19} We feel the instant case is more analogous to Chase ManhattanMortgage Corp. v. Locker Locker, 2d Dist. No. C.A. 19904,2003-Ohio-6665, where the Second Appellate District court held that when the judgment has been satisfied in a foreclosure proceeding restitution is the proper form of relief. In that case, the court distinguishedAlegis, on the basis that Alegis was dismissed on the grounds of an untimely appeal. Id. at ¶ 48. The court further found, after examining decisions by the Sixth District Court of Appeals, and in accordance with R.C. § 2329.45 and R.C. § 2325.03, that debtors may still obtain relief in the form of restitution from judgment creditors. Restitution is appropriate in cases such as these, where the foreclosed property has been sold, and *Page 5 
the appellant filed for a stay, but was unsuccessful due to his or her failure to post a supersedeas bond. Id. at ¶ 44, citing MIF Realty L.P.v. K.E.J. Corp. (May 19, 1995), Wood App. No. 94WD059, 1995 Ohio App. LEXIS 2082, at 6. See, also, Chupp v. Thomas (Dec. 8, 1997), Huron App. No. H-97-027, 1998 Ohio App. LEXIS 1256, at 2.
 {¶ 20} Pursuant to R.C. § 2325.03, "title to property passing to a purchaser in good faith (including a purchaser at a duly confirmed judicial sale) is unaffected by an attack on the final judgment involving the property." Id. at ¶ 47.
 {¶ 21} Further, R.C. § 2329.45 provides: "If a judgment in satisfaction of which lands, or tenements are sold, is reversed, such reversal shall not defeat or affect the title of the purchaser. In such case, restitution must be made by the judgment creditor of the money for which such lands or tenements were sold, with interest from the day of sale."
 {¶ 22} We find the Second District's reasoning most persuasive. We conclude this case should be decided on its merits since there was so much confusion as to what constituted the final decree of foreclosure and that restitution may be awarded to appellant if justice so requires.
 {¶ 23} Standard of Review for Summary Judgment
 {¶ 24} We review a grant of summary judgment de novo. Lubrizol Corp.v. Lichtenberg Sons Constr, Inc., 11th Dist. No. 2004-L-179,2005-Ohio-7050, at ¶ 26, citing Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Thus, we review the trial court's judgment independently and without deference to its determination. Id. at ¶ 26.
 {¶ 25} "Summary judgment is proper when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a *Page 6 
matter of law; and (3) it appears from the evidence that reasonable minds can come but to one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion is made, that conclusion is adverse to that party." Id. at ¶ 27, citing Harless v.Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66. "If the moving party has satisfied this initial burden, the nonmoving party has a reciprocal burden under Civ. R. 56(E) to set forth facts showing there is a genuine issue for trial." Id. at ¶ 29.
 {¶ 26} Material Issue of Fact
 {¶ 27} In his first assignment of error, appellant argues that the court erred in granting summary judgment for appellee and in issuing a final decree of foreclosure on March 15, 2006.[1] Specifically, appellant argues that the trial court improperly granted summary judgment because there was "no hearing, no notice, no discovery, and the judgments issued by the court are confusing and contradictory." Appellant further claims that there are genuine issues of material fact because the validity of the mortgage and the amount of money received are in dispute.
 {¶ 28} At the outset, we note that much of what appellant disputes was deemed admitted due to his failure to respond to requests for admissions, which were served upon him and his wife on June 16, 2005. As we stated in Grano v. City of Mentor, 11th Dist. No. 2005-L-185,2006-Ohio-6104, at ¶ 20, "Civ.R. 36(A) provides that, in the case of requests for admission, the matter is admitted `unless, within a period designated in the request, not less than twenty-eight days after service thereof * * * the party to whom *Page 7 
the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter[.]'" Id.
 {¶ 29} The appellant, by his failure to respond, admitted that: (1) Ameriquest did not violate Ohio contract law, Ohio common law, Alabama contract law, Alabama common law, O.R.C. §§ 1349.26, 1349.27, 1349.29, RESPA, or TILA; (2) Ameriquest did not engage in unfair or deceptive practices or unlawfully convert money; and (3) appellant never rescinded the loan agreement. These admissions completely eliminated the basis for appellant's counterclaim.
 {¶ 30} On February 1, 2006, the court issued in its judgment entry that any further discovery must be completed by February 28, 2006. Appellant never requested discovery from appellee and failed to respond to appellee's requests.
 {¶ 31} As we noted above, pursuant to Civ.R. 56(C), "summary judgment is proper when (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, viewed in a light most favorable to the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party." RaymondBuilders Supply, Inc. v. Slapnicker, 11th Dist. No. 2003-A-0040,2004-Ohio-4137, at ¶ 5, citing Zivich v. Mentor Soccer Club, Inc.
(1998), 82 Ohio St.3d 367, 369-37 (citation omitted). "The moving party bears the initial burden of affirmatively demonstrating that no genuine issues of material fact remain to be litigated." Id. Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115 (Citation omitted); Celotex Corp.v. Catrett (1986), 477 U.S. 317, 323. "The moving party meets this burden by submitting evidentiary materials of the type listed in Civ.R. 56(C)." Id. citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293. "If the moving party satisfies this initial burden, then the nonmoving party has *Page 8 
the reciprocal burden of affirmatively demonstrating that a genuine issue of material fact does exist." Id. citing Dresher at 293;Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 257.
 {¶ 32} Further, Civ.R. 56(E) provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
 {¶ 33} Appellee, as the moving party, satisfied its burden by presenting a supporting affidavit which demonstrated that appellant's account was delinquent; that the debt had been accelerated; and that the default had not been cured. Appellant's admissions satisfied the moving party's burden as to the counterclaim.
 {¶ 34} With these submissions in support of the motion for summary judgment, the burden then shifted to appellant, as the non-moving party, to set forth specific facts which demonstrate a genuine dispute of fact.
 {¶ 35} Here, appellant submitted an affidavit in opposition to the motion for summary judgment on March 13, 2006, but failed to present any evidence of a genuine issue of a material fact. Rather, the affidavit resembled his counterclaims against appellee and contained no evidentiary support.
 {¶ 36} In a similar case, Dollar Bank v. Sedmak (Mar. 31,1993), 11th Dist. Nos. 92-A-1729 and 92-A-1736, 1993 Ohio App. LEXIS 1882, at 5, we found the affidavit insufficient because it contained "merely a restatement of the denials and allegations set forth in Sedmak's answer to Dollar Bank's complaint. Specific and substantial facts *Page 9 
to create a material issue of fact are simply not present. Dollar Bank's claims stand uncontroverted as to the issue of Sedmak's default, therefore entitling Dollar Bank to acceleration of indebtedness, and judgment as the noteholder."
 {¶ 37} Thus, it appeared from the evidence that reasonable minds could come to but one conclusion and that conclusion was adverse to appellant.
 {¶ 38} Appellant further asserts that the trial court erred since the court "held no hearings and took no testimony with respect to the issues presented by any of the parties involved in this case." However, appellant misunderstands the summary judgment procedure. A summary judgment motion is decided only upon the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). Furthermore, "[n]o evidence or stipulation may be considered except as stated in this rule." Civ.R. 56(C).
 {¶ 39} Although appellant proceeded pro se in the case at bar, "litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." Countrywide Home Loans, Inc. v. Poppy, 11th Dist. No. 2003-L-134, 2004-Ohio-5936, at ¶ 33, citing Yocum v. Means, 2d Dist. No. 1576, 2002-Ohio-3803, at ¶ 20, citing Kilroy v. B.H. Lakeshore Co.
(1996), 111 Ohio App.3d 357.
 {¶ 40} We find this assignment to be without merit.
 {¶ 41} Appellant's first assignment of error is overruled.
 {¶ 42} Scheduling Order and Denial of Discovery
 {¶ 43} In his second assignment of error, appellant argues that the trial court erred in denying his motion for new trial and motion to reopen discovery and that the *Page 10 
court is in violation of Civ.R. 5(A). Specifically, appellant argues that the court erred by ordering on February 1, 2006, that discovery be completed by February 28, 2006. With regard to Civ.R. 5(A) appellant argues he was entitled to notice when the case was returned to the active docket on December 28, 2005. Thus, appellant argues he was denied his right to discovery and that the actions of the trial court were arbitrary and capricious.
 {¶ 44} We reject these arguments. Appellant's motions were filed on April 6, 2006, well after the trial court granted summary judgment in favor of appellee on March 15. Specifically, the court found that appellant's motion[s] were "not contemplated by the Civil Rules, and even if it is, does not comply with any of the Civil Rules regarding final appealable judgments." The court further stated: "This is simply another attempt by Mr. Wilson to delay the entry of a foreclosure judgment against him."
 {¶ 45} While we empathize with appellant's situation, we must agree with the trial court, finding this assignment of error to have no basis. Appellant is requesting a new trial. However, appellant does not appear to understand that there never was a trial, as this case was decided on summary judgment. Furthermore, if appellant needed an extension of time for discovery before the summary judgment hearing, then appellant should have filed a motion under Civ.R. 56(F).[2]
 {¶ 46} We also find no merit in appellant's argument that the court violated Civ.R. 5(A), by failing to provide him with proper notice once the case was returned to active status on December 28, 2005. A review of the record reveals that appellee properly served appellant with its motion to vacate stay and return the case to the active docket *Page 11 
on December 23, 2005. In addition, appellant was properly put on notice of appellee's motion for summary judgment when he was served by appellee on January 31, 2006. Finally, by appellant's own averment, he received notice of the February 1, 2006 order that discovery was to be completed by February 28, 2006. Thus, we fail to see how appellant was not properly notified of the proceedings against him.
 {¶ 47} We find this assignment of error to be without merit.
 {¶ 48} Appellant's second assignment of error is overruled.
 {¶ 49} For the foregoing reasons, we find appellant's assignments of error are overruled. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., concurs,
WILLIAM M. O'NEILL, J., dissents with Dissenting Opinion.
[1] Appellee urges us to find this appeal untimely since appellant failed to appeal this judgment within the thirty day time period allowed under App.R. 4. We overruled appellee's motion to dismiss for an untimely appeal and found that August 22, 2006, is the date of the final appealable order due to the confusion over the March 15, 2006, and May 5, 2006 judgment entries. We held that appellant's appeal filed on June 6, 2006, would be considered a premature appeal pursuant to App.R. 4(C). Thus, appellant timely filed the instant appeal.
[2] Civ. R. 56(F) provides: "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."