[Cite as *Governors Place Condominium Owners Assn., Inc. v. Unknown Heirs of Polson*, 2017-Ohio-885.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| GOVERNORS PLACE CONDOMINIUM OWNERS ASSOCIATION, INC., | : | **O P I N I O N** |
| | : | |
| Plaintiff, | | |
| | : | **CASE NO. 2016-L-070** |
| - vs - | : | |
| THE UNKNOWN HEIRS, DEVISEES, LEGATEES, EXECUTORS, ADMINISTRATORS, SPOUSES AND ASSIGNS AND THE UNKNOWN GUARDIANS OF MINOR AND/OR INCOMPETENT HEIRS OF BARBARA J. POLSON, et al., | : : : | |
| | : | |
| Defendants, | : | |
| LINDA L. MEKUS, et al., | : | |
| Defendant-Appellant, | : | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE CSFB MORTGAGE SECURITIES, CORP., ADJUSTABLE RATE MORTGAGE TRUST 2005-8, ADJUSTABLE RATE MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-8, | : : : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2013 CF 002265.

Judgment: Reversed and remanded.

*Thomas J. Sacerich*, Sacerich, O'Leary & Field, 8302 Yellowbrick Road, Mentor, OH

44060-4960 (For Defendant-Appellant).

*James W. Sandy*, McGlinchey Stafford, PLLC, 25550 Chagrin Boulevard, Suite 406, Cleveland, OH 44122-4640 (For Defendant-Appellee).

TIMOTHY P. CANNON, J.

{¶1} This is an appeal from a judgment entry of the Lake County Court of Common Pleas ordering the distribution of remaining proceeds from a confirmed sale of foreclosed property. For the following reasons, the trial court's judgment is reversed, and the matter is remanded for further proceedings.

{¶2} The record reflects that Barbara J. Polson owned a condominium unit in Mentor, Ohio, prior to her death in 2011. It appears from the preliminary judicial report, and as alleged in the complaint, that title to the condominium unit vested in Mrs. Polson's daughters, Linda L. Mekus and Diane M. Miller, via a transfer on death deed.

{¶3} This foreclosure action was instituted on October 18, 2013, by Governors Place Condominium Owners Association, Inc. ("Governors Place"). Governors Place sought to foreclose on a certificate of lien recorded against the condominium unit for unpaid maintenance fees, common expenses, and assessments, which it alleged was second only to real estate taxes and prior recorded liens. The defendants named in the complaint were the record owners (Mekus and Miller) and their unknown spouses, if any; the unknown spouse of Mrs. Polson, if any; the unknown heirs, devisees, legatees, executors, administrators, spouses and assigns of Mrs. Polson; the unknown guardians of minor and/or incompetent heirs of Mrs. Polson; the Lake County Treasurer; Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc. ("MERS"); and U.S. Bank National Association, as trustee for the holders of the CSFB

2

Mortgage Securities, Corp., Adjustable Rate Mortgage Trust 2005-8, Adjustable Rate Mortgage Backed Pass-Through Certificates, Series 2005-8 ("U.S. Bank").

{¶4} The Preliminary Judicial Report attached to the complaint indicates a mortgage was assigned from MERS to U.S. Bank and recorded on July 5, 2011. The Final Judicial Report indicates the mortgage was assigned to Nationstar Mortgage LLC ("Nationstar") and recorded on October 17, 2013, one day prior to the filing of the complaint.

{¶5} On June 25, 2014, Governors Place filed a motion to substitute Nationstar in place of U.S. Bank as a party-defendant. The trial court granted this motion on July 7, 2014.

{¶6} On October 2, 2014, Governors Place filed a motion for default judgment against the defendants (with the exception of the Lake County Treasurer) for failure to plead or otherwise defend against the action. Attached to the motion was an affidavit of account, submitted by the managing agent for Governors Place.

{¶7} The trial court issued a judgment entry on October 17, 2014, granting default judgment against the record owners (Mekus and Miller) and their unknown spouses; against Nationstar and MERS; and against the unknown spouse, unknown heirs, devisees, legatees, executors, administrators, spouses and assigns and unknown guardians of minor and/or incompetent heirs of Mrs. Polson. The trial court stated these defendants, by reason of their default, "are forever barred from asserting any right, title, or interest in the premises described herein."

{¶8} The trial court also found that Governors Place had good and valid liens on the property, subject only to the Lake County Treasurer's good and valid lien. The

3

trial court entered a decree of foreclosure on the condominium unit and set forth the order of priority for the proceeds once the sale of the property was complete. No appeal was taken from this order.

{¶9} An order of sale was issued on January 12, 2015, and the condominium unit was appraised at $135,000. Notice of a sheriff's sale was issued on March 24, 2015, and the property was sold to a private third party on April 13, 2015, for $103,000.

{¶10} On May 26, 2015, Nationstar filed a motion to substitute U.S. Bank as a party-defendant. Nationstar attached to its motion a "Corporate Assignment of Mortgage," dated March 19, 2015, which stated "the assignment is being recorded to correct the assignee name in the assignment recorded 07/05/2011." Nationstar asserted that U.S. Bank is the actual holder of the note and mortgage, as was originally alleged in the complaint. The trial court granted the motion to substitute and stated, "[t]his Order shall be nunc pro tunc and all other Orders shall remain in full force and effect."

{¶11} U.S. Bank filed a "stipulated motion for leave to file answer instanter," in which it stated that, "[d]espite reasonable diligence, Substitute Defendant was unable to retrieve its records regarding its interest herein in sufficient time to allow it to file its answer timely." The trial court granted U.S. Bank leave to file its answer instanter on May 28, 2015.

{¶12} In its answer, U.S. Bank asserted it was entitled to enforce a certain promissory note, a copy of which was attached, in the sum of $68,761.93 plus interest. It also stated "that by agreement of the parties hereto, that Plaintiff [Governors Place] shall take its distribution of the proceeds of the judicial sale that occurred on April 13,

4

2015 before the Substitute Defendant." U.S. Bank did not file a cross-claim against the other named defendants. In addition, there was no indication of any agreement between U.S. Bank and any of the other defendants regarding the distribution of the proceeds.

{¶13} Governors Place filed a motion to confirm sale on June 18, 2015. The trial court approved and confirmed the sale in an August 11, 2015 judgment entry. It also ordered the Clerk of Courts to cause satisfaction and cancellation of the mortgage to U.S. Bank, the mortgage to MERS, and the lien by Governors Place. The trial court further ordered the Lake County Sheriff to distribute the proceeds of the sale as follows:

FIRST: To the Clerk of Courts, the sum of $4442.12 for the costs herein * * *;

SECOND: To the Lake County Treasurer the sum of $2,591.28 for real estate taxes, penalties, and assessments * * *;

THIRD: To the Sheriff, the sum of $128.00 for Deed and Poundage;

FOURTH: To the Auditor, the sum of $412.00 for transfer tax and conveyance fee;

FIFTH: To the Recorder, the sum of $28.00 for recording the Deed;

The balance to be held by the Sheriff pending further order of the Court.

{¶14} On September 9, 2015, the Clerk of Courts released and satisfied the mortgage to U.S. Bank, the mortgage to MERS, and the lien by Governors Place.

{¶15} On September 10, 2015, Governors Place filed a "motion for supplemental order of distribution" for its valid lien on the premises. On October 20, 2015, the trial

5

court entered a supplemental order of distribution, in which it ordered the Sheriff to distribute the remaining funds as follows:

> SIXTH: The Sheriff shall pay to [Governors Place] the sum of $15,552.09 on its valid certificate of lien.
>
> SEVENTH: The balance, if any, shall be held by Sheriff pending further order.

{¶16} On May 17, 2016, Attorney Thomas J. Sacerich, on behalf of the unknown heirs of Barbara J. Polson, filed a motion to distribute the balance of the funds. The motion asserted that Mrs. Polson's estate, "as the owner of the property on the date of the Sheriff's sale, is entitled to the balance of the proceeds presently being held by the Sheriff." On May 20, 2016, U.S. Bank objected and filed its own motion to release the proceeds. In its motion, U.S. Bank asserted "it is the first lien holder on the subject premises. Pursuant to the attached Affidavit in Support of Judgment, [U.S. Bank] is currently owed the amount of $76,313.61. As such, [U.S. Bank] requests that this Honorable Court issue an order to the Lake County Clerk of Courts instructing it to release the funds in the amount of $76,313.61 to [U.S. Bank]."

{¶17} The trial court issued a judgment entry on June 3, 2016, ordering distribution of the remaining proceeds. It stated, in pertinent part:

> The property at issue sold for $103,000. To date, $23,153.49 of the sale proceeds were distributed. The sum of $79,846.51 remains for further distribution.
>
> U.S. Bank established based on the affidavit of Jesslyn Williams, a document Execution Specialist at Nationstar Mortgage, L.L.C., loan service for U.S. Bank, that it is owed $76,313.61 on the note and mortgage of Polson.
>
> Based on the preliminary judicial title report and the answer of U.S. Bank subordinating its interest to Governors Place, the order of priority for the distribution of the remaining $79,846.51 is as follows:

6

> SEVENTH: To U.S. Bank, the sum of $76,313.61;
>
> EIGHTH: The balance, to the Heirs, in care of their counsel, Thomas J. Sacerich, less any costs determined by the clerk of court due.

{¶18} It is this entry that is currently before us on appeal. Only one assignment of error has been raised for our review:

{¶19} "The trial court erred in ordering the remaining proceeds from the foreclosure sale disbursed to US Bank National Association, as US Bank National Association had no interest in the proceeds."

{¶20} A foreclosure decree "determines that damages have occurred and sets forth the parties' rights and liabilities as they are related to those damages"; the order confirming the property sale "sets forth the specific damage amount and distributes the funds accordingly." *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, ¶24.

{¶21} The issue before us is whether the trial court erred by distributing funds to U.S. Bank after the confirmation of sale when the trial court had not determined in the foreclosure decree that U.S. Bank had any right to those funds. We review this matter de novo. *See Cty. Savs. Bank v. Argonne Bldg. Ltd. Partnership*, 3d Dist. Allen No. 1-92-94, 1993 WL 74844, *2 (Mar. 12, 1993), citing *Conneaut Bldg. & Loan Co. v. Felch*, 100 Ohio App. 52, 54 (7th Dist.1955) (holding a trial court has no discretion in distributing proceeds because they take the place of the sold property).

{¶22} The trial court's October 17, 2014 judgment awarded a decree of foreclosure; found that Governors Place and the Lake County Treasurer had valid liens and ordered their priority; and found the remaining defendants were in default and

7

forever barred from asserting any right, title, or interest in the premises. At the time of the entry, Nationstar had been substituted as a party-defendant in place of U.S. Bank. Subsequently, U.S. Bank was substituted as a party-defendant in place of Nationstar. The substitution order stated, "[t]his Order shall be nunc pro tunc and all other Orders shall remain in full force and effect." The effect of the substitution order on the foreclosure decree was, therefore, that U.S. Bank was in default and forever barred from asserting any right, title, or interest in the premises.

{¶23} The foreclosure decree was a final, appealable order because it set forth the rights of all lienholders. *CitiMortgage, supra*, at ¶39. "Accordingly, if an individual or entity believes that the order of foreclosure fails to accurately reflect an interest in the property, the proper means to challenge the court's determination is by appealing the order of foreclosure." *Id.* at ¶38. Otherwise, although a motion for relief from judgment cannot be used as a substitute for an appeal, "'Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment'" if the proper criteria is set forth. *Fed. Natl. Mtge. Assn. v. Day*, 158 Ohio App.3d 349, 2004-Ohio-4514, ¶21 (2d Dist.), quoting *Soc. Natl. Bank v. Repasky*, 7th Dist. Mahoning No. 99 C.A. 193, 2000 WL 1486767, *3 (Sept. 21, 2000) (citations omitted). Either way, "the proper time to challenge the existence and extent of mortgage liens is in the foreclosure action." *Id.* at ¶15 (citation omitted).

{¶24} Nationstar did not appeal the order prior to U.S. Bank's substitution. U.S. Bank could not have appealed the foreclosure decree because it was not a party at the time the judgment was entered. U.S. Bank was subsequently granted leave to file an answer instanter. The filing of this answer did not have the effect of vacating the decree

8

of foreclosure.  U.S. Bank did not file a cross-claim or otherwise attempt to prosecute its claim against the co-defendants.  Thus, U.S. Bank's sole remedy to obtain relief from the default judgment entered against it in the foreclosure action was a Civ.R. 60(B) motion.

{¶25} U.S. Bank did not file a Civ.R. 60(B) motion.  Instead, U.S. Bank filed a motion for distribution of proceeds from the sale.  The amount claimed by U.S. Bank in this motion had never been reduced to judgment.  While it claimed it had a first lien on the property, the record is clear that almost eight months prior, the Clerk of Courts, pursuant to the trial court's foreclosure decree and order confirming sale, released U.S. Bank's mortgage on September 9, 2015.

{¶26} The trial court issued an order stating U.S. Bank established that it is owed money on the note and mortgage based on the affidavit U.S. Bank attached to its motion for distribution of proceeds.  By issuing this order, the trial court "improperly attempted to alter the effect of the previous foreclosure judgment, which should have been appealed or been the subject of a Civ.R. 60(B) motion."  *Day*, *supra*, at ¶29.

{¶27} Because the trial court improperly modified the final and appealable foreclosure decree, the trial court did not have authority to distribute any proceeds of the sale to U.S. Bank.  We must determine, however, whether a remedy exists, as the property has been sold and the proceeds have been distributed.

{¶28} Generally, when a judgment has been satisfied and a stay has not been obtained, "'the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties to the action.'"  *Art's Rental Equip., Inc. v. Bear Creek Constr., LLC,* 1st Dist. Hamilton Nos. C-110544, et seq., 2012-Ohio-

9

5371, ¶9 (collecting cases), quoting *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶16.

**{¶29}** Some courts have carved out narrow exceptions to this precedent, recognizing that even where a stay was not obtained, "R.C. 2329.45 preserves the remedy of restitution, even after the property has been sold at sheriff's sale and the proceeds distributed." *U.S. Bank Natl. Assn. v. Mobile Assoc. Natl. Network Sys., Inc.*, 195 Ohio App.3d 699, 2011-Ohio-5284, ¶19 (10th Dist.), citing *LaSalle Bank Natl. Assn. v. Murray*, 179 Ohio App.3d 432, 2008-Ohio-6097 (7th Dist.); *Ameriquest Mtge. Co. v. Wilson*, 11th Dist. Ashtabula No. 2006-A-0032, 2007-Ohio-2576; and *Chase Manhattan Mtge. Corp. v. Locker*, 2d Dist. Montgomery No. 19904, 2003-Ohio-6665. *See also Everhome Mtge. Co. v. Baker*, 10th Dist. Franklin No. 10AP-534, 2011-Ohio-3303, ¶13, citing *Ameriquest*, *supra*, at ¶19 ("the case is not moot because the court is not without power to offer a remedy").

**{¶30}** In *Ameriquest*, this court held that restitution was appropriate where the debtor filed for a stay, but was unsuccessful due to his inability to post a supersedeas bond. *Ameriquest*, *supra*, at ¶19, citing *Chase Manhattan*, *supra*, at ¶44. The Sixth District Court of Appeals has also held that satisfaction of the judgment under those circumstances is involuntary, and therefore the appeal is not moot. *MIF Realty L.P. v. K.E.J. Corp.*, 6th Dist. Wood No. 94WD059, 1995 WL 311365, *2 (May 19, 1995). In *Everhome*, the Tenth District addressed the mootness doctrine and stated: "It is a suspect argument to assert that a void, voidable, or merely erroneous judgment might evade appellate review simply because it was rendered rapidly, completely, and without

10

notice. * * * [S]uch a holding would allow no recourse in a case in which a foreclosure action proceeded, completely in error[.]" *Everhome, supra*, at ¶14.

{¶31} We have already determined that the trial court erred in distributing funds to U.S. Bank. Therefore, in the interest of justice, we find that satisfaction of the judgment was involuntary, despite the fact that no stay was obtained. The appeal is not moot, as a viable remedy is available in the form of restitution.

{¶32} The assignment of error is with merit.

{¶33} "A remand to the trial court reinstates the matter on the docket, and the lower court 'is required to proceed from the point at which the error occurred.'" *Mentor Lumber & Supply Co. v. Victor,* 11th Dist. Lake No. 91-L-083, 1992 WL 86527, *1 (Mar. 31, 1992), quoting *Armstrong v. Marathon Oil Co.,* 32 Ohio St.3d 397, 418 (1987). Here, the error occurred when the trial court issued its June 3, 2016 judgment ordering distribution of the remaining proceeds to U.S. Bank. On remand, the parties should be returned to the status quo that existed before the June 3, 2016 order was entered.

{¶34} For the reasons stated above, the judgment of the Lake County Court of Common Pleas is reversed. This matter is remanded for further proceedings consistent with this opinion.

CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.