MEMORANDUM OPINION
{¶ 1} This matter is before this court upon the motions of Amy Cross to intervene in this appeal and to dismiss this appeal; the motion of appellee, Charter One Bank, F.S.B., to dismiss this appeal; and the motion of defendant, Dominic A. Musitano, Jr., to dismiss this appeal. This appeal was initially stayed on December 3, 2003 due to the fact that bankruptcy had been filed by appellant, Ronald J. Mysyk. The stay was subsequently dissolved on June 23, 2004, so this court will now address the pending motions.
 {¶ 2} This appeal stems from a foreclosure action involving certain property in Bainbridge, Ohio. Foreclosure proceedings commenced in November 1998. The trial court granted the foreclosure on April 26, 1999. Foreclosure proceedings were then delayed three years because appellant was seeking protection in bankruptcy court. Meanwhile, the land appraisal, which appellant now disputes, was filed on November 29, 2001.
 {¶ 3} The Sheriff's sale was scheduled for June 12, 2003. On June 11, 2003, on day before the sale, appellant filed a motion to strike the appraisal. The Sheriff's sale proceeded as scheduled on June 12, 2003, and the property was purchased by Amy Cross for $233,500. The order confirming sale was filed on July 29, 2003, and Cross paid the full purchase price on August 21, 2003. Appellant filed his notice of appeal on August 28, 2003.
 {¶ 4} It is well-established that a judgment entry ordering a foreclosure sale and delineating the order of priority for the distribution of proceeds is a final appealable order. AlegisGroup L.P. v. Allen, 11th Dist. No. 2002-P-0026, at ¶ 13. In the present case, appellant had ample opportunity to appeal prior to the Sheriff's sale. Once the Sheriff's sale occurred, the merits of the trial court's foreclosure order became moot. Id at ¶ 12. No relief can be afforded once the property has been sold at foreclosure sale because an appellate court is unable to grant any effectual relief at that point. Equibank v. Rivera (Jan. 22, 1998), 8th Dist. No. 72224, 1998 WL 23814.
 {¶ 5} Based upon the foregoing analysis, this appeal is moot and must be dismissed. Further, we note that Amy Cross, as successful bidder at the Sheriff's sale, is a proper party to this appeal. See Citizens Loan Savings v. Stone (1965),1 Ohio App.2d 551, 553.
 {¶ 6} Accordingly, Amy Cross' motion to intervene in this appeal is hereby granted. However, all of the motions to dismiss this appeal are also granted because this appeal is moot.
Appeal dismissed.
O'Neill, J., Grendell, J., concur.