[Cite as *Banks v. Heritage Property Group, L.L.C.*, 2014-Ohio-991.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


FRANKLIN BANKS, et al.,          :

    Plaintiffs-Appellees,          :          CASE NO.   CA2013-10-078

         :          O P I N I O N
  - vs -          3/17/2014

         :

HERITAGE PROPERTY GROUP, LLC,    :
et al.,

         :
    Defendants-Appellants.          :

         :


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2011 CVH 01419


Louis W. Blessing, Jr., 3153 McGill Lane, Cincinnati, Ohio 45251, for plaintiffs-appellees, Franklin Banks and Mary Brunette

Arnzen, Molloy & Storm, P.S.C., Aaron A. VanderLaan, 600 Greenup Street, Covington, KY 41011, for intervening defendant/appellant, First Security Trust Bank, Inc.

Paul T. Saba, 2623 Erie Avenue, Cincinnati, Ohio 45208, for intervening defendant/appellee, Stock Yards Bank & Trust Co.


**HENDRICKSON, J.**

{¶ 1}   Intervening defendant-appellant, First Security Trust Bank, Inc. (FSTB), appeals

from decisions of the Clermont County Court of Common Pleas denying its motion to have

receivership funds released to it and ordering it to reimburse the receivership with rental

income it collected in April 2012 from tenants at a mobile home park.[1] For the reasons discussed below, we reverse the decision of the trial court and find that FSTB is entitled to possession of the receivership funds and is entitled to retain possession of the April 2012 rents.

## I. BACKGROUND

{¶ 2} The history of this case is complex and involves the operations of Heritage Property Group, L.L.C. (Heritage), a company that owned three separate mobile home parks in Clermont County. Heritage operated (1) Green Acres Mobile Home Park (Green Acres), (2) Lake Remington Mobile Home Park (Lake Remington) and (3) Eastgate Village Mobile Home Park (Eastgate Village). The present appeal primarily revolves around transactions and decisions involving Green Acres.

{¶ 3} On August 11, 2011, plaintiffs-appellees, Franklin Banks and Mary Brunette, residents of Heritage's mobile home parks, filed on behalf of themselves and others similarly situated (hereafter, Residents), a class action complaint for monetary damages and injunctive relief against Heritage.[2] An amended complaint was filed on September 6, 2011, wherein Residents alleged that they were entitled to damages as a result of Heritage's failure to repair and otherwise maintain the three mobile home parks in a habitable condition. Thereafter, several entities filed motions to intervene in the lawsuit.

{¶ 4} On September 27, 2011, intervening defendant-appellee, Stock Yards Bank & Trust Company (Stock Yards), filed a motion to intervene, claiming it had an interest in Lake Remington. The trial court granted the motion, and Stock Yards filed an answer denying

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.

2. The Clermont County Water Resources and Clermont County Board of Commissioners were also named as defendants in the action. Neither entity is a party to the present appeal.

Residents' allegations and a counterclaim in foreclosure against Heritage.[3] In its counterclaim for foreclosure, Stock Yards alleged it was the owner and holder of a September 30, 2008 promissory note executed by Heritage in the amount of $1,387,500 and that the note was secured by a mortgage on Lake Remington (Lake Remington Mortgage). On September 30, 2011, the trial court established the Lake Remington Receivership and appointed a receiver to handle the affairs of the Lake Remington property.

{¶ 5} FSTB also filed a motion to intervene in the lawsuit on September 27, 2011, claiming an interest in Green Acres. In its motion, FSTB claimed that Heritage executed a promissory note in favor of FSTB in the principal amount of $3.15 million on August 29, 2008. The note was secured by a mortgage on Green Acres (Green Acres Mortgage), and Lanny R. Holbrook, the Managing/Member of Heritage, executed a personal guaranty of the loan (Personal Guaranty). FSTB also alleged that on August 29, 2008, Heritage executed a "Conditional Assignment of Rents and Leases" (Assignment of Rents) in favor of FSTB, which authorized FSTB to collect rental income from Residents who leased property at Green Acres. The trial court granted FSTB's motion to intervene and FSTB subsequently filed an answer denying Residents' allegations. On September 30, 2011, the Green Acres Receivership was established and a receiver was appointed to handle the affairs of the property, including the collection and handling of rent from Residents leasing property at Green Acres.[4]

{¶ 6} On February 17, 2012, the trial court rendered summary judgment against

---

3. In addition to Heritage, Stock Yards also named as defendants Lanny Holbrook, the Managing/Member of Heritage, Cincinnati Bell Telephone Company, Cincinnati Gas & Electric Company, Pennsylvania Railroad Holding Company, William Menke, the Clermont County Treasurer, and the Ohio Department of Transportation. These foreclosure-defendants are not parties to the present appeal.

4. The receiver appointed to manage the affairs of Green Acres was also appointed to manage the affairs of Eastgate Village. Although the two properties shared a common receiver, funds and financial records of the two properties were maintained separately. Treatment of the Eastgate Village Receivership funds is irrelevant to the present appeal, and, therefore, shall not be discussed.

Heritage and in favor of Residents, as to liability only. While the case progressed, Residents continued to pay their monthly rental fees to the respective receiverships.

{¶ 7} On March 9, 2012, FSTB accepted a deed in lieu of foreclosure from Heritage. Heritage had defaulted under the terms of the Green Acres promissory note by failing to pay real estate taxes for the years 2008, 2009 and 2010, and by failing to remain current on the monthly mortgage payments since July 2011. Pursuant to the deed-in-lieu of foreclosure, FSTB agreed not to foreclose on Green Acres and to forgive "any and all outstanding indebtedness" due on the Green Acres promissory note "in full satisfaction of all obligations under the [promissory note]." In return, Heritage:

> agree[d] to sell, grant, transfer, assign, and convey to [FSTB] * * * the following real and personal property (collectively, the "Property"): (a) good, valid, indefeasible, and fee simple title to [Green Acres] land * * * all buildings, fixtures, and other improvements situated on the Property * * * all of [Heritage's] right, title, and interest in and to and all easements, rights, tenements, and appurtenances thereunto belonging to the Property * * * and all of [Heritage's] right, title, and interest in and to any and all streets, alleys, or public ways adjacent thereto, before or after vacation thereof * * * (b) all of [Heritage's] right, title, and interest as lessor or lessee in all leases, licenses, and other agreements to occupy all or any part of the Real Estate together with all rents and other sums due, accrued or to become due under each such lease, license, and agreement, all rents that are received and allocable to periods following the "Closing Date."

The deed in lieu of foreclosure also provided that "[t]he indebtedness evidenced by the [Green Acres Promissory] Note shall be merged with the deed."

{¶ 8} After accepting the deed in lieu of foreclosure from Heritage, FSTB moved to terminate the Green Acres Receivership and it submitted a proposed entry to the trial court. The trial court adopted the entry and terminated the Green Acres Receivership on March 28, 2012. FSTB immediately set up a rent account and collected rent from Green Acres' tenants for April 2012 (hereafter, April 2012 Rents). Thereafter, on April 4, 2012, after objections

were filed by other parties in the lawsuit claiming that the March 28, 2012 entry was too broad and dismissed the entire case, including claims in which FSTB had no interest, the trial court vacated its entry terminating the Green Acres Receivership. An amended entry terminating the Green Acres Receivership was entered on the record on April 10, 2012. Green Acres Receivership funds totaling over $80,000, which represented the net of all rents collected from Green Acres' tenants minus the operating expenses for the mobile home park, were transferred into the possession of the clerk of courts. This sum did not include the April 2012 Rents, which FSTB continued to possess.

{¶ 9} In July 2012, FSTB filed a motion seeking to have the Green Acres Receivership funds released to it, arguing that no other entity had a priority interest in the funds. Residents opposed the motion and argued that the funds should be released to them, not FSTB. On December 21, 2012, the trial court denied FSTB's motion, finding that FSTB's acceptance of the deed in lieu of foreclosure satisfied the pre-existing mortgage indebtedness. The trial court held:

> FSTB stopped being a secured creditor of Heritage when it accepted the deed in lieu of foreclosure. Despite the fact that the rents were collected during the time in which FSTB was a secured creditor, FSTB did not seek payment of those rents until after it ha[d] ceased to be a secured creditor. Since FSTB is not a secured creditor of Heritage, it is not entitled to the rents collected by the Green Acres' Receiver.

{¶ 10} Residents then filed a motion seeking an entry ordering FSTB to pay the April 2012 Rents into the Green Acres Receivership fund. FSTB filed a memorandum opposing Residents' motion. On February 22, 2013, the trial court issued a decision granting Residents' motion and ordering FSTB to reimburse the Green Acres Receivership with the April 2012 Rents. The court again held that FSTB stopped being a secured creditor of Heritage on March 9, 2012, when it accepted the deed in lieu of foreclosure, and it was therefore not a secured creditor at the time it received the April 2012 Rents from Green

Acres' tenants. "Since FSTB was no longer a secured creditor of Heritage at the time it collected the April rents, it is not entitled to retain the rents collected." The court also ordered that the Green Acres Receivership funds be released to Residents' counsel for the benefit of Green Acres' tenants.

{¶ 11} Stock Yards filed a motion to stay the court's order disbursing the Green Acres Receivership funds to Residents. Stock Yards indicated it became a secured creditor of Heritage after the Lake Remington property was foreclosed in February 2012. Stock Yards stated it had been declared a secured creditor of Heritage in the principal amount of $1,458,136.55, and that the private sale of Lake Remington for the amount of $1,000,000 was insufficient to satisfy the debt Heritage owed to Stock Yards. Stock Yards therefore claimed it had an interest in the Green Acres Receivership funds, as the funds were an asset of Heritage.

{¶ 12} FSTB also filed a motion to stay the order directing disbursement of Green Acres Receivership funds to Residents, arguing that Residents had no interest in the funds as the funds belonged to FSTB pursuant to the August 29, 2008 Assignment of Rents executed by Heritage. FSTB then moved for reconsideration of the trial court's February 22, 2013 entry, asking the court to reconsider its holding that FSTB was not entitled to Green Acres Receivership funds and was required to reimburse the receivership with the April 2012 Rents. Relying on the August 29, 2008 Assignment of Rents, FSTB argued that it was entitled to the Green Acres Receivership funds and that it should not have to repay the April 2012 Rents.

{¶ 13} On July 17, 2013, the trial court denied FSTB's motion for reconsideration, holding:

> [T]here is no evidence that FSTB preserved its right to the assignment of rents when it accepted the deed in lieu of foreclosure. Instead, it appears that FSTB elected the remedy of

a deed in lieu of foreclosure without also preserving the remedy of assignment of rents in its judgment entry. Accordingly, FSTB's mortgage and right to assignment of rent merged into the deed when it accepted it in March 2012.

The trial court also rendered Stock Yards' and FSTB's motions to stay disbursement moot as the Green Acres Receivership funds had been released to Residents' counsel on February 27, 2013. However, the trial court agreed that Residents' counsel "should not be holding the funds" as there remained an issue as to "which party is entitled to the funds." The trial court, therefore, ordered Residents' counsel to repay the disbursed money to the clerk of courts.

{¶ 14} Thereafter, Stock Yards sought to garnish assets belonging to Heritage, including the Green Acres Receivership funds.[5] On September 5, 2013, over objections by Residents and FSTB, the trial court issued an order distributing the Green Acres Receivership funds to Stock Yards. Then, on September 23, 2013, the trial court issued a final appealable order entering judgment against Heritage and in favor of Residents in the amount of $287,928 for Green Acres' tenants.

{¶ 15} FSTB appealed, challenging the trial court's February 22, 2013 and July 17, 2013 interlocutory orders which denied FSTB's motion for disbursement of the Green Acres Receivership funds and ordered it to reimburse the receivership with the April 2012 Rents. Residents filed a motion to dismiss FSTB's appeal, arguing that FSTB did not have standing to appeal from the September 23, 2013 decision. This court denied Residents' motion to dismiss on January 9, 2014, finding that "FSTB's interests are * * * affected by the trial court's September 23, 2013 entry * * * [which] effectively foreclosed FSTB's claimed entitlement to rental funds related to the Green Acres [R]eceivership." *Banks v. Heritage Property Group, LLC*, 12th Dist. Clermont No. 2013-10-078 (Jan. 8, 2014) (Entry Denying Motion to Dismiss).

---

5. After reviewing the record, it does not appear that Residents or FSTB were given notice of the garnishment proceedings initiated by Stock Yards. Residents and FSTB claim that they learned of the garnishment proceedings by reviewing the docket for this case.

## II. ANALYSIS

{¶ 16} Assignment of Error No. 1:

{¶ 17} THE TRIAL COURT ERRED BY FAILING TO RELEASE TO FSTB THE GREEN ACRES RECEIVERSHIP FUNDS REMAINING AFTER THE RECEIVERSHIP HAD ENDED AND ALL RECEIVERSHIP EXPENSES HAD BEEN PAID.

{¶ 18} In its first assignment of error, FSTB argues the trial court incorrectly determined the Green Acres Receivership funds were Heritage's property, and not FSTB's, even though "(i) FSTB was the secured creditor/mortgagee of Heritage for Green Acres, (ii) Heritage was in default of several agreements [with] FSTB * * * and (iii) Heritage had already assigned all rights, title, and interest that Heritage had in the funds prior to the receivership commencing." FSTB claims it is entitled to the Green Acres Receivership funds pursuant to the August 29, 2008 Assignment of Rents, and that it has priority over any other purported creditor of Heritage, including Stock Yards. It further argues that its rights to the funds "vested no later than the time the receiver was appointed in September 2011."

{¶ 19} Stock Yards disagrees with FSTB's arguments, and contends that FSTB's appeal is moot as the Green Acres receivership funds have already been disbursed to Stock Yards as a judgment creditor of Heritage. Stock Yards argues that even if the appeal is not moot, the trial court's decision should be upheld as any interest FSTB had in the receivership funds was extinguished in March 2012 when FSTB executed the deed in lieu of foreclosure. Residents agree with Stock Yards, arguing that FSTB did not have a right to the receivership funds as FSTB was no longer a secured creditor from the moment it accepted the deed in lieu of foreclosure. Residents further argue FSTB is not entitled to the receivership money under equitable principles. Residents contend that they paid rent into the receivership "with the expectation of receiving some of or all of the money back in the form of the judgment," and allowing FSTB to take ownership of the funds would defeat the purpose of the

- 8 -

receivership.[6]

{¶ 20} As an initial matter, we reject the notion that the issue as to which party is entitled to the Green Acres Receivership funds is moot merely because the funds were released to Stock Yards in September 2013. Stock Yards has cited to various foreclosure cases for the proposition that once the funds received from a sheriff's sale are disbursed, no live controversy exists and a subsequent appeal is moot.[7] However, the present case is not a foreclosure case, and the funds in this case were not released following the sale of a property. Rather, the present case is a contract case. The funds at issue involve rental income collected pursuant to lease agreements. The resolution of how such funds were to be disbursed is governed by the terms of the written instruments entered into by the parties, not by the order or priority of liens on a foreclosed property. Accordingly, this appeal, and the decision as to which party is entitled to the receivership funds, turns on the interpretation of contracts. More specifically, the interpretation of the Assignment of Rents and the deed in lieu of foreclosure.

{¶ 21} This court's review of written contracts and instruments is de novo. *Long Beach Assn., Inc. v. Jones*, 82 Ohio St.3d 574, 576 (1998); *Providence Manor Homeowners Assn., Inc.* v. *Rogers*, 12th Dist. Butler No. CA2011-10-189, 2012-Ohio-3532, ¶ 26 ("The

---

6. Residents also argue that FSTB's appeal is frivolous as it is involves an appeal from the September 23, 2013 entry, an entry in which Residents contend FSTB has no interest in, as it was not an aggrieved party subject to the court's ruling. This argument is essentially the same argument set forth in their motion to dismiss FSTB's appeal. We have previously rejected Residents' argument and decline to revisit our holding at this time. *See Banks v. Heritage Property Group, LLC*, 12th Dist. Clermont No. CA2013-10-078 (Jan. 8, 2014) (Entry Denying Motion to Dismiss). We further note that FSTB's present appeal is proper as FSTB is appealing from interlocutory orders of the trial court, which "are merged into the final judgment and can be appealed as part of the final judgment." *Siemaszko v. FirstEnergy Nuclear Operating Co.*, 187 Ohio App.3d 437, 2010-Ohio-2121, ¶ 9 (6th Dist.).

7. Stock Yards cites to the following foreclosure cases for the proposition that an appeal is moot where the trial court has dispersed funds following a sheriff's sale: *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333; *Dietl v. Sipka*, 185 Ohio App.3d 218, 2009-Ohio-6225 (11th Dist.); *Aurora Loan Servs. v. Kahook*, 9th Dist. Summit No. 24415, 2009-Ohio-2997; *Charter One Bank v. Nysyk*, 11th Dist. Geauga No. 2003-G-2528, 2004-Ohio-4391; and *Alegis Group L.P. v. Allen*, 11th Dist. Portage No. 2002-P-0026, 2003-Ohio-3501. As discussed above, such cases are irrelevant as the present appeal does not involve funds disbursed following the sale of a foreclosed property.

construction of a written contract is a matter of law to be resolved by the court"). "The primary role of the court in reviewing a contract is to ascertain and give effect to the intent of the parties." *Rogers* at ¶ 27. A contract that is, by its terms, clear and unambiguous requires no interpretation or construction and will be given the effect called for by the plain language of the contract. *Id.*, citing *Cooper v. Chateau Estate Homes, L.L.C.,* 12th Dist. Warren No. CA2010-07-061, 2010-Ohio-5186, ¶ 12.

{¶ 22} We begin by examining the August 29, 2008 Assignment of Rents, which provides, in relevant part, the following:

> 1.    [Heritage], for good and valuable consideration, * * * does hereby bargain, sell, transfer, assign, convey, set over and deliver unto [FSTB] *all right, title and interest of [Heritage] in, to and under any existing leases, together with any and all future leases hereinafter entered into * * * affecting the [Green Acres] real estate * * * and all rents, receipts, revenues, income, and profits which may now or hereafter be or become due or owing under the Leases * * *.*
>
> * * *
>
> 4.   The parties further agree as follows:
>
>> A.    *This Assignment is absolute and is effective immediately.* Notwithstanding the foregoing, until a default has occurred, and has not been cured, under the terms and conditions of the Note or the Mortgage * * * [Heritage] may receive, collect, and enjoy the rents, income and profits accruing from the Property.
>>
>> B.    *In the event of any default at any time in the Loan Documents, [FSTB] may*, at its option, without notice to [Heritage], *receive and collect all such rents*, income, and profits as they become due, from the Property and the leasehold interest therein and under any and all Leases of all or any part of the Property. [FSTB] shall thereafter *continue to receive and collect all such rents, income, and profits, as long as such default or defaults shall exist*, and during the pendency of any foreclosure proceedings, and if there is a deficiency, during any redemption period.

(Emphasis added.) The plain language utilized in this document clearly states rental income from Green Acres' tenants became FSTB's property "effective immediately," or as of August 29, 2008. The fact that FSTB elected not to personally collect the rents until after Heritage defaulted in payment under the terms of the Green Acres promissory note did not invalidate or otherwise void the agreement. Moreover, the Assignment of Rents Clause 4.B provided that any right Heritage had to "receive, collect, and enjoy" the rents terminated automatically upon Heritage's default. Pursuant to Clause 4.B, the funds became the exclusive property of FSTB upon Heritage's default on the promissory note in July 2011. *See U.S. Bank, N.A. v. Gotham King Fee Owner, L.L.C.*, 8th Dist. Cuyahoga No. 98618, 2013-Ohio-1983, ¶ 19-21 (holding that pursuant to an assignment of rents clause in the note and mortgage documents, although the borrower-mortgagor retained a license to utilize the leases and rents obtained from nine office buildings, any interest in these leases and rents were automatically lost when borrower defaulted on the terms of repayment as borrower had previously assigned such leases and rents to the lender-mortgagee).

{¶ 23} FSTB did not lose its ownership interest in the rental funds merely because the funds were held in a receivership. The purpose of a receivership is to conserve property pending an ultimate disposition of it by the court. *Id.* at ¶ 16; *Hoiles v. Watkins*, 117 Ohio St. 165, 177 (1927). "A receiver's role is to 'maintain the status quo regarding the property in controversy and to safeguard said property from being dissipated with while the plaintiff is pursuing its remedy.'" *Gotham King Fee Owner* at ¶ 16, citing *In re Gourmet Servs., Inc.*, 142 B.R. 216, 218 (Bankr.S.D.Ohio 1992).

{¶ 24} FSTB filed a motion to have a receiver appointed to manage Green Acres, therefore seeking to have its interests in the rents protected by the establishment of the

receivership.[8]   As such, it is apparent that FSTB sought to collect and thereby took possession of the rents no later than September 30, 2011, the date the Green Acres Receivership was actually established by the trial court. *See Perin v. N-Ren Corp.*, 12th Dist. Brown No. CA87-09-014, 1998 WL 56669, *3 (May 31, 1998) (holding that "[a] mortgagee of real property is entitled to the rents and profits of a mortgaged premises when he takes actual possession of the property, *when possession is taken on his behalf by a receiver*, or when he demands such possession"). (Emphasis added.) Accordingly, rents collected in the receivership from the date the receivership was established, that is September 30, 2011, through the date the receivership was terminated, that is, April 10, 2012, were the property of FSTB.

{¶ 25} Moreover, contrary to the trial court's holding and appellees' arguments, FSTB did not relinquish its right to the receivership funds by accepting the deed in lieu of foreclosure from Heritage on March 9, 2012. Although the deed in lieu of foreclosure stated that FSTB accepted conveyance of Green Acres "in full satisfaction of all obligations under the loan" and that "[t]he indebtedness evidenced by the [Promissory] Note shall be merged with the deed," this language does not in any way relinquish the ownership rights already vested in the rents. Nowhere in the deed in lieu of foreclosure did FSTB release its right to funds it already owned. Therefore, as discussed above, since FSTB owned the funds that were held by the receiver pursuant to the Assignment of Rents agreement, the deed in lieu of

8. Residents also filed a motion to have a receivership established for Green Acres. Residents would have this court find that the Green Acres Receivership was established for their sole benefit. They contend that the September 30, 2011 Order Appointing Receiver resulted solely from their motion for the appointment of a receiver. However, after reviewing the transcript of the September 30, 2011 hearing on the parties' respective motions for the appointment of a receiver, it is apparent that the court was considering both Residents' and FSTB's motions for the appointment of a receiver. Further, it is clear that the September 30, 2011 Order Appointing Receiver, which was drafted and submitted to the trial court as a "proposed entry" by counsel for Heritage, was intended to create a receivership for the benefit of all interested parties, including FSTB, who had an ownership interest in the rental income paid by Green Acres Residents pursuant to the August 29, 2008 Assignment of Rents.

foreclosure did not release FSTB's ownership interest in such funds. In addition, although the deed in lieu of foreclosure expressly mentioned the Green Acres Promissory Note, Mortgage and Personal Guaranty, stating that the "indebtedness evidenced by the [Promissory] Note shall be merged with the deed" and Holbrook shall be "release[d] * * * from the [Personal] Guaranty," nowhere in the document is the Assignment of Rents mentioned or are the rights reserved by the Assignment of Rents released by FSTB. Based on the foregoing, we find that the deed in lieu of foreclosure in no way indicates that FSTB waived its ownership interest in the rents.[9]

{¶ 26} Accordingly, having reviewed the Assignment of Rents agreement and the deed in lieu of foreclosure, we conclude that the trial court erred when it denied FSTB's motion to have the Green Acres Receivership funds released to it. For the reasons discussed above, we find that the receivership funds were the property of FSTB and FSTB's ownership interests in such funds were not relinquished by FSTB's acceptance of a deed in lieu of foreclosure. As the receivership funds were the property of FSTB, and not Heritage, the trial court erred in disbursing the funds to Stock Yards as a secured creditor of Heritage.

{¶ 27} We therefore find FSTB's first assignment of error to be well taken and it is hereby sustained. The trial court's decisions denying FSTB's motion to have the Green Acres Receivership funds released to it and its order disbursing such funds to Stock Yards are reversed. Pursuant to this court's authority under App.R. 12(B), Stock Yards is ordered to remit the disbursed funds, totaling $82,940.95, to the clerk of courts, who shall then disburse the funds to FSTB in accordance with this court's decision.

{¶ 28} Assignment of Error No. 2:

---

9. In fact, it is evident that FSTB intended to maintain its ownership interests in Green Acres' rental income and leases. The deed in lieu of foreclosure specifically provided that Heritage was conveying not only the real property subject to the mortgage, but also all of Heritage's "right, title, and interest * * * in all leases, licenses, and other agreements to occupy all or any part of the Real Estate together with all rents and other sums due, accrued or to become due under each such lease, license, and agreement * * *."

{¶ 29} THE TRIAL COURT ERRED IN ORDERING THAT FSTB IS TO REIMBURSE THE GREEN ACRES RECEIVERSHIP FOR THE RENTS FSTB COLLECTED FROM GREEN ACRES TENANTS IN APRIL 2012.

{¶ 30} In its second assignment of error, FSTB contends the trial court erred when it determined Heritage had an ownership interest in the April 2012 Rents that FSTB collected, and it ordered FSTB to reimburse the Green Acres Receivership with the April 2012 rents.

{¶ 31} Stock Yards "takes no position as to whether FSTB should reimburse the receivership for funds it collected as the owner of Green Acres" in April 2012. Residents, however, contend that equity demands FSTB reimburse the receivership with the April 2012 Rents, or, alternatively reimburse the receivership with the amount of money the receivership expended on Green Acres' expenses in April 2012, prior to the receivership terminating on April 10, 2012. At the time the present appeal was filed, FSTB had not yet remitted the April 2012 Rents to the receivership.

{¶ 32} We find that as of March 9, 2012, when FSTB accepted the deed in lieu of foreclosure, FSTB became the rightful owner of Green Acres. FSTB was therefore entitled to any rental income generated from Green Acres as of that date forward, including the April 2012 Rents.

{¶ 33} Moreover, given our resolution of FSTB's first assignment of error, in which we held that FSTB is entitled to the Green Acres Receivership funds in their entirety, we find that that any order requiring FSTB to reimburse the receivership for expenses paid by the receiver in April 2012 would be futile. Such an order would essentially result in FSTB repaying itself, as FSTB is the entity that is entitled to the receivership funds.

{¶ 34} Accordingly, FSTB's second assignment of error is sustained. We reverse the trial court's decision ordering FSTB to reimburse the Green Acres Receivership with the April 2012 Rents, and hold that FSTB is entitled to retain the April 2012 Rents.

## III. CONCLUSION

{¶ 35} For the reasons set forth above, judgment is reversed and Stock Yards is hereby ordered to return the disbursed Green Acres Receivership funds in the amount of $82,940.95 to the clerk of courts.  Upon receipt of the receivership funds, the clerk of courts is hereby ordered to disburse the funds to FSTB.

RINGLAND, P.J., and M. POWELL, J., concur.