DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellants, Barry Tutin, et al., appeal the decision of the Summit County Court of Common Pleas granting Appellee's, Bankers Trust Co.'s, motion for Partial Summary Judgment. We find that the judgment that Appellants are appealing from is not a final appealable order pursuant to Civ.R. 54(B) and R.C. 2505.02, and thus, we have no jurisdiction to review the underlying case.
 {¶ 2} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this Court has jurisdiction to review only final and appealable orders. SeeHarkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211,219. "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied." Konstand v. Barberton, 9th Dist. No. 21651,2003-Ohio-7187, at ¶ 4, citing Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88.
 {¶ 3} Because this case involves multiple claims and multiple parties, and the trial court's granting partial summary judgment order disposed of fewer than all claims and parties, Civ.R. 54(B) is applicable here. Civ.R. 54(B) provides in relevant part:
"When more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an expressdetermination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights andliabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties[.]" (Emphasis added.)
 {¶ 4} The order that granted partial summary judgment in favor of Appellee stated that "[t]his is a final appealable judgment entry. There is no cause for delay." Pursuant to our recent decision in Tadmor v. Huntington Natl. Bank v. Fisher,
9th Dist. No. 22760, 2006-Ohio-1046, we find that the language used by the trial court shows that it did not "ma[k]e the essential determination required by Civ.R. 54(B)." Civ.R. 54(B) requires language to the effect that there is no just reason for delay, which, in this case, the trial court omitted from its judgment entry. As a result, the order appealed from is not a final, appealable order, and Appellant's appeal is dismissed. SeeTadmore, supra.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant, Laura Lynch.
Carr, J. Moore, J. concur.