DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Defendant/Appellant, Laura Lynch, appeals summary judgment granted in favor of Plaintiff/Appellee Bankers Trust Company ("Bankers") and *Page 2 
Third Party Defendant/Appellee Merrill Lynch by the Summit County Court of Common Pleas. Lynch also appeals the trial court's denial of summary judgment in her favor against Bankers, Merrill Lynch, and Defendant/Appellee, Huntington National Bank ("Huntington"). We find that the judgment that Lynch is appealing from is not a final appealable order pursuant to Civ.R. 54(B) and R.C. 2505.02, and thus, we have no jurisdiction to review the underlying case.
 {¶ 2} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this Court has jurisdiction to review only final and appealable orders. See Harkai v. Scherba Industries, Inc.
(2000), 136 Ohio App.3d 211, 219. "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied." Konstand v. Barberton, 9th Dist. No. 21651, 2003-Ohio-7187, at ¶ 4, citing Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88.
 {¶ 3} Because this case involves multiple claims and multiple parties, and the trial court's order granting partial summary judgment did not dispose of Lynch's claims against Huntington, Civ.R. 54(B) is applicable here. Civ.R. 54(B) provides in relevant part:
 "When more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the *Page 3 
claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties[.]" (Emphasis added.)
 {¶ 4} As we stated in our opinion dated March 15, 2006, in BankersTrust Co. of California, N.A. v. Tutin, 9th Dist. No. 22850 and 22870,2006-Ohio-1178, the trial court's judgment entry, dated August 4, 2005, which granted partial summary judgment did not contain proper Civ.R. 54(B) language so as to make that order final and appealable. The most recent summary judgment order, dated April 13, 2007, does not containany Civ.R. 54(B) language because, at the time it was written, the trial court recognized that the issue of lien priority between Bankers and Huntington still existed. That issue and Huntington's claims against Lynch have since been resolved and/or dismissed. However, the April 13, 2007 judgment entry does not acknowledge or dispose of Lynch's claims against Huntington. Because there is not a judgment entry disposing of Lynch's claims against Huntington and because the April 13, 2007 judgment entry does not "ma[k]e the essential determination required by Civ.R. 54(B)," the order appealed from is not a final, appealable order, and Lynch's appeal is dismissed. See Tadmor v. Huntington Natl. Bank v.Fisher, 9th Dist. No. 22760, 2006-Ohio-1046 at ¶ 17.
 Appeal dismissed. *Page 4 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 1