DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Laura Lynch, formerly known as Laura Tutin, appeals from a judgment of the Summit County Court of Common Pleas that held that Appellee, Bankers Trust Company of California ("Bankers Trust"), had first priority interest in the property at issue in this foreclosure action and that it was entitled to the proceeds of the sheriffs sale. This Court dismisses the appeal because the proceeds have been distributed and the matter is now moot.
 I. {¶ 2} Although this case has a long and complicated history, this Court will confine itself to the basic facts relevant to this appeal. On November 16, 1998, Bankers Trust filed a complaint for foreclosure against Lynch's former husband, Barry Tutin, and others, alleging that Tutin had defaulted on his mortgage note on real property located in Peninsula, Ohio. The complaint was later amended to add Lynch as a new party defendant because she held a life *Page 2 
estate interest in the property. Through the filing of additional pleadings, the case ultimately involved numerous claims and parties.
 {¶ 3} The property was eventually sold at sheriffs sale for $190,000 and the trial court confirmed the sale. On August 4, 2005, the trial court ruled on the summary judgment motions of Bankers Trust and Lynch concerning the priority of their rights to the proceeds of the sheriffs sale. The trial court ruled that Bankers Trust was entitled to the proceeds because its mortgage lien was superior to Lynch's life estate interest.
 {¶ 4} Lynch immediately appealed the August 2005 order, and also appealed a subsequent trial court order in 2007, but because the trial court had not yet disposed of all of the claims and parties in the case and had not certified the matter as appealable under Civ. R. 54(B), this Court dismissed each appeal for lack of a final, appealable order. SeeBankers Trust Co. of Cal. v. Tutin, 9th Dist. No. 23911, 2008-Ohio-551;Bankers Trust Co. of Cal. v. Tutin, 9th Dist Nos. 22850 and 22870,2006-Ohio-1178.
 {¶ 5} On July 2, 2008, the trial court entered another order and decision that it labeled "final and appealable." Lynch appeals from that order and raises four assignments of error.
 II. {¶ 6} Initially, this Court must determine whether this appeal is properly before us. Appellate courts will not review questions that do not involve live controversies. See Tschantz v. Ferguson (1991),57 Ohio St.3d 131, 133. Thus, an action must be dismissed as moot unless it appears that a live controversy exists. Lorain Cty. Bd. of Commrs. v.U.S. Fire Ins. Co. (1992), 81 Ohio App.3d 263, 266-267.
 {¶ 7} Bankers Trust moved to dismiss this appeal, contending the matter is now moot. During the pendency of each of the prior appeals, Lynch sought and obtained a stay of the trial *Page 3 
court's judgment. After this Court's dismissal of the second appeal, however, the second stay expired and the sheriff disbursed the balance of proceeds of the sheriffs sale to Bankers Trust. Although the distribution of funds is not directly reflected on the record, "an event that causes a case to become moot may be proved by extrinsic evidence outside the record." Pewitt v. Lorain Corr. Inst. (1992),64 Ohio St.3d 470, 472. Lynch does not dispute that the sheriff distributed the funds to Bankers Trust, and on March 11, 2008, she moved the trial court to order Bankers Trust to return the funds to the sheriffs department.
 {¶ 8} Bankers Trust asserts the "well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." Blodgett v. Blodgett (1990), 49 Ohio St.3d 243, 245. After the rights and obligations of the parties have been extinguished through satisfaction of the judgment, a judgment on appeal becomes moot because it "cannot have any practical effect upon the issues raised by the pleadings." (Citations omitted.) Sedlak v. Solon (1995),104 Ohio App.3d 170, 178.
 {¶ 9} The Ohio Supreme Court has recognized only two exceptions to the mootness doctrine, neither of which applies here. First, "[a] case is not moot if the issues are capable of repetition, yet evading review."In re Appeal of Suspension of Huffer from Circleville High School
(1989), 47 Ohio St.3d 12, paragraph one of the syllabus, approving and following State ex rel. The Repository v. Unger (1986),28 Ohio St.3d 418. A situation is capable of repetition, yet evading review where two elements combine: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford
(1975), 423 U.S. 147, 149. Second, a court may review a case if it *Page 4 
"involves a matter of public or great general interest." In re Appeal ofSuspension of Huffer, 47 Ohio St.3d at 14.
 {¶ 10} Lynch contends that this matter is not moot because the remedy of restitution is preserved in foreclosure actions by R.C. 2329.45, even after the property has been sold at sheriffs sale and the proceeds have been distributed. R.C. 2329.45 provides:
 "If a judgment in satisfaction of which lands, or tenements are sold, is reversed, such reversal shall not defeat or affect the title of the purchaser. In such case restitution must be made by the judgment creditor of the money for which such lands or tenements were sold, with interest from the day of sale."
 {¶ 11} As Lynch correctly asserts, there are appellate decisions that have construed R.C. 2329.45 as preserving a remedy for appellants in foreclosure actions even after the property has been sold and the proceeds of the sale have been distributed. See, e.g., LaSalle BankNatl. Assoc. v. Murray, 7th Dist. No. 07-CO-27, 2008-Ohio-6097;Ameriquest Mortgage Co. v. Wilson, 11th Dist. No. 2006-A-0032,2007-Ohio-2576; Chase Manhattan Mortgage Corp. v. Locker, 2d Dist. No. 19904, 2003-Ohio-6665. These courts have essentially interpreted R.C. 2329.45 as creating an exception to the mootness doctrine in foreclosure cases. This Court is not persuaded that the language of R.C. 2329.45 can reasonably be construed to maintain a cause of action that has been extinguished by distribution of the proceeds of the sheriffs sale.
 {¶ 12} It is a basic rule of statutory construction that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." R.C. 1.42. Moreover, the court cannot ignore the plain language of the statute, nor can it insert operative provisions that are not there. Akron v. Rowland (1993),67 Ohio St.3d 374, 380. In construing statutory language, courts must presume that a just and reasonable result was intended by the enactment of the statute. See R.C. 1.47. It is also "a well-settled rule of statutory interpretation *Page 5 
that statutory provisions be construed together and the Revised Code be read as an interrelated body of law." State v. Moaning (1996),76 Ohio St.3d 126, 128.
 {¶ 13} R.C. Chapter 2329, entitled "Execution Against Property" sets forth the statutory requirements for levying a claim against property and satisfying a lien through sale of the property. This chapter includes the requirements for a sheriffs sale of the property, the confirmation of the sale, and the effect on the deed following the sale of the property. R.C. 2329.45 is included among these provisions.
 {¶ 14} Because both the decree of foreclosure and the order confirming the sheriffs sale may be final and appealable, appeals are taken in foreclosure actions before and after the sheriffs sale of the property. See Bank One, NA v. Ray, 10th Dist. No. 04AP907, 2005-Ohio-3277, at ¶ 24; Bank One Dayton, NA v. Ellington (1995), 105 Ohio App.3d 13, 16. R.C. 2329.45 provides that, when an appeal is taken from the order confirming the sheriffs sale, the purchaser retains title even if the matter is reversed on appeal. R.C. 2329.45 protects the property rights of the third party purchaser and provides that the remedy of the party prevailing on appeal of the foreclosure action is limited to restitution from the monetary proceeds of the sale.
 {¶ 15} The plain language of R.C. 2329.45 addresses only a situation in which the property has been sold and title has transferred to a third party. Although other courts have focused on this language, without explanation, they have extended it to situations in which the property has been sold and the proceeds of the sale have been distributed. See, e.g., Murray, supra. The language of R.C. 2329.45 does not mention the distribution of the proceeds of the sale, however. This statute can only be construed to address appeals that have been taken from the confirmation of sale and the appealing party sought and obtained a stay of the distribution of proceeds pursuant to Civ. R. 62(B) and App. R. 7(A). In those situations, although the property *Page 6 
has been sold and the sale confirmed, a successful appellant will have the remedy of restitution because the proceeds of the sale are still held under the jurisdiction and control of the court. R.C. 2329.45 does not even suggest that the appealing party also has a remedy after the distribution of the proceeds of the sheriffs sale, and it cannot reasonably be construed to preserve a controversy that has been extinguished.
 {¶ 16} As there is no language in the statute to justify such a construction, R.C. 2329.45 cannot reasonably be construed to create an exception to the mootness doctrine in foreclosure cases. In foreclosure cases, as in all other civil actions, after the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties to the action. Because there is no live controversy before this Court, the appeal is dismissed as moot.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant. *Page 7 
CARR, J. DICKINSON, J. CONCUR *Page 1