[Cite as *Saxon Mtge. Servs., Inc. v. Whitely*, 2013-Ohio-3221.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| SAXON MORTGAGE SERVICES, INC. | | C.A. No. 26739 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHELLE L. WHITELY, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CV2007-11-8141 |

DECISION AND JOURNAL ENTRY

Dated: July 24, 2013

HENSAL, Judge.

{¶1} Michelle Whitely appeals an order of the Summit County Common Pleas Court that denied her motion to vacate the court's judgment. For the following reasons, this Court affirms.

I.

{¶2} In November 2007, Saxon Mortgage Services, Inc. filed a complaint in foreclosure against Ms. Whitely, alleging that she had defaulted on a loan. Following discovery, Saxon moved for summary judgment. On June 5, 2008, the trial court entered an "Agreed Entry Granting Summary Judgment and Decree in Foreclosure." In the entry, the court noted that Ms. Whitely had agreed to the foreclosure. After the sheriff's office sold the affected property, the trial court confirmed the sale and distributed the proceeds.

{¶3} In June 2012, Ms. Whitely moved to vacate the trial court's judgment, asserting that it was void ab initio because Saxon was not the holder of the note and mortgage at the time it

filed its complaint. She argued that, even though the property had been sold, the foreclosure decree should be vacated. She also sought leave to file a counterclaim against Saxon and others to seek restitution for their fraud on the court. The trial court denied her motion, however, because it concluded that the controversy was moot because the property had been sold and the proceeds distributed. Ms. Whitely has appealed, assigning as error that the trial court incorrectly denied her motion to vacate.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO VACATE JUDGMENT.

{¶4} Ms. Whitely argues that Saxon did not have standing to file a foreclosure complaint against her. She contends that, because Saxon did not have standing, there was no justiciable matter, the trial court never acquired jurisdiction over her property, and its foreclosure decree is void. She also argues that, even though the property has been sold and the proceeds distributed, her appeal is not moot because she could still seek restitution from Saxon and others who were involved in the initiation of its action.

{¶5} As this Court explained in *Banker's Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, "[a]ppellate courts will not review questions that do not involve live controversies." *Id*. at ¶ 6. Once a judgment is satisfied, "the rights and obligations of the parties [are] extinguished * * *." *Id*. at ¶ 8. Because the court's decision "cannot have any practical effect upon the issues raised by the pleadings," an appeal in a case in which the judgment has been satisfied is moot. *Id*., quoting *Sedlak v. City of Solon*, 104 Ohio App.3d 170, 178 (8th Dist.1995).

{¶6} In *Tutin*, Banker's Trust foreclosed on property owned by Barry Tutin. Although Mr. Tutin's former spouse, Laura Lynch, appealed, the stay that she sought expired, and the property was sold at sheriff's sale. After the trial court confirmed the sale and distributed the proceeds, Banker's Trust moved to dismiss Ms. Lynch's appeal, arguing that it was moot. Ms. Lynch argued that the appeal was not moot because she could still seek restitution from Banker's Trust. This Court noted that there are two recognized exceptions to the mootness doctrine, "if the issues are capable of repetition, yet evading review," "and "if it 'involves a matter of public or great general interest.'" *Id*. at ¶ 9, quoting *In re Appeal of Suspension of Huffer from Circleville High*, 47 Ohio St.3d 12, 14 (1989). It determined, however, that neither was applicable. *Id*. at ¶ 9.

{¶7} In *Tutin*, this Court noted that other district appellate courts have held that Revised Code Section 2329.45 creates another exception to the mootness doctrine in foreclosure cases. *Id*. at ¶ 11. After analyzing the issue, however, it concluded that Section 2329.45 "can only be construed to address appeals that have been taken from the confirmation of sale and the appealing party sought and obtained a stay of the distribution of proceeds * * *." *Id*. at ¶ 15. The section, therefore, did not create an additional exception to the mootness doctrine. We held that "[i]n foreclosure cases, as in all other civil actions, after the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties of the action." *Id*. at ¶16. Accordingly, we dismissed the appeal as moot. *Id*.

{¶8} Ms. Whitely requests that this Court reconsider its decision in *Tutin*. She argues that, even though the proceeds of the sheriff's sale have been distributed, the court could award her monetary damages to compensate her for her wrongfully–seized property. In *Tutin*, this

Court explained, however, that it is a "well-established principle of law that a satisfaction of a judgment renders an appeal from that judgment moot." *Id*. at ¶ 8, quoting *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245 (1990). There are only two limited exceptions to the doctrine of mootness, which this Court identified above. In *Tutin*, this Court specifically considered whether the General Assembly created another exception to the doctrine in Section 2329.45, and determined that it did not. Ms. Whitely has not persuaded us that our decision was incorrect.

{¶9} Ms. Whitely also argues that her case is not moot because the recognized exceptions to the doctrine of mootness apply. According to the Supreme Court of Ohio, "[a] case is not moot if the issues are capable of repetition, yet evading review." *In re Huffer*, 47 Ohio St.3d 12, at paragraph one of the syllabus. "A situation is capable of repetition, yet evading review where two elements combine: '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.'" *Tutin*, 2009-Ohio-1333, at ¶ 9, quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Ms. Whitely argues that this case falls under the exception because the State has experienced a glut of foreclosure cases, meaning this same issue repeatedly arises. The question, however, is whether "the same complaining party would be subjected to the same action again." *Id*. Ms. Whitely does not argue that there is any chance that she will be subject to the same action.

{¶10} The Supreme Court of Ohio has also held that a court may review a case if "it involves a matter of public or great interest." *Tutin*, 2009-Ohio-1333, at ¶ 9, quoting *In re Huffer*, 47 Ohio St.3d at 14. Ms. Whitely argues that this case is of great interest because Saxon perpetrated a fraud on the court, causing it to enter a judgment even though it did not have jurisdiction. We note, however, that Ms. Whitely does not deny that she defaulted on her loan.

She also specifically agreed to the trial court's foreclosure decree. Accordingly, she has not demonstrated that this case presents a matter of great or public interest.

{¶11} Because the proceeds of the sheriff's sale have been disbursed, there is no controversy before the court. The trial court correctly denied Ms. Whitely's motion to vacate as moot. Ms. Whitely's assignment of error is overruled.

III.

{¶12} The trial court did not err when it denied Ms. Whitely's motion to vacate void judgment. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

THOMAS C. LOEPP, Attorney at Law, for Appellant.

BARBARA FRIEDMAN YAKSIC and CANDICE L. MUSIEK, Attorneys at Law, for Appellee.