[Cite as *Summit Servicing Agency, L.L.C. v. Hunt*, 2018-Ohio-2494.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SUMMIT SERVICING AGENCY, LLC

      Plaintiff

      v.

NELLIE L. HUNT

      Appellant

      &

HUNTINGTON NATIONAL BANK

      Appellee

      &

FAIRWAY VILLAS CONDOMINIUM
ASSOCIATION, INC.

      Appellee

C.A. No.     28699

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2016-01-0052

DECISION AND JOURNAL ENTRY

Dated: June 27, 2018

CALLAHAN, Judge.

**{¶1}** Appellant, Nellie Hunt, appeals from two judgment entries of the Summit County Common Pleas Court distributing proceeds from a foreclosure sale to Appellees, Huntington National Bank ("Huntington") and Fairway Villas Condominium Association, Inc. ("Fairway"). This Court dismisses the appeal.

I.

{¶2}    This case began with the filing of a foreclosure complaint by Woods Cove III, LLC based on a delinquent tax certificate. The complaint named Ms. Hunt, FirstMerit Bank, N.A. ("FirstMerit"), and Fairway as defendants along with other defendants who are not relevant to the issues on appeal. Summit Servicing Agency, LLC ("Servicing Agency") was later substituted as the plaintiff based on an assignment of the tax certificate.

{¶3}    Ms. Hunt filed an answer. FirstMerit and Fairway each filed an answer and cross-claim. Servicing Agency moved for summary judgment asserting that it had the first lien on the property based on its tax certificate. Servicing Agency also moved for default judgment against non-answering defendants. Fairway moved for default judgment on its cross-claim against Ms. Hunt and other non-answering defendants.

{¶4}    The trial court issued a judgment entry and decree of foreclosure granting Servicing Agency's motions for summary and default judgment. Within its decree of foreclosure, the court found that FirstMerit and Fairway had timely answered and cross-claimed asserting their interests in the subject property, which were inferior to Servicing Agency's interest. The court further found that FirstMerit's and Fairway's "interests shall be protected and afforded [their] proper priority upon any judicial sale."

{¶5}    A sheriff sale was held in March of 2017, and a third-party purchaser bought the property. In April of 2017, the trial court confirmed the sale. Within its confirmation entry, the court ordered the release of various liens, including FirstMerit's and Fairway's liens, "as they relate only to the real estate herein." The court further ordered the payment of taxes and various costs and fees associated with the foreclosure and sale of the property. Finally, the court ordered the clerk of courts to hold the balance of the sale proceeds "pending further order of the [c]ourt."

{¶6} In June of 2017, Huntington "successor by merger with" FirstMerit, Fairway, and Ms. Hunt each moved to distribute the balance of the sale proceeds, or some portion thereof, to themselves. Huntington and Fairway also filed affidavits regarding the balance due to each of them. In two separate judgment entries, the court ordered that the sale proceeds be distributed to Huntington and Fairway. The trial court also entered a deficiency judgment in favor of Fairway against Ms. Hunt.

{¶7} Ms. Hunt filed a Civ.R. 60(B) motion for relief from the judgments distributing the proceeds to Huntington and Fairway. In addition, she appealed from those judgments to this Court. At no point did Ms. Hunt request a stay from the trial court or this Court.

{¶8} On appeal, Ms. Hunt raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN ORDERING THE REMAINING PROCEEDS
FROM THE FORECLOSURE SALE TO BE DISBURSED TO HUNTINGTON
[ ] AND FAIRWAY [ ], AS HUNTINGTON [ ] AND FAIRWAY [ ] HAD NO
INTEREST IN THE PROCEEDS.

{¶9} In her sole assignment of error, Ms. Hunt argues that the trial court erred in ordering that the sale proceeds be distributed to Huntington and Fairway because the foreclosure decree did not specify the amounts that they were owed and the confirmation entry released their liens. Ms. Hunt does not make any argument regarding Fairway's deficiency judgment, but focuses her argument solely on the trial court's decision "allowing Huntington [ ] and Fairway [ ] to share in the [sale] proceeds." This Court, likewise, limits it analysis to the distribution of the sale proceeds.

{¶10} Preliminarily, this Court must determine whether Ms. Hunt's argument is moot. "Appellate courts will not review questions that do not involve live controversies." *Bankers*

*Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 6, citing

*Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991). When no live controversy exists, the

appeal must be dismissed as moot. *Tutin* at ¶ 6, citing *Lorain Cty. Bd. of Commrs. v. U.S. Fire

*Ins. Co.*, 81 Ohio App.3d 263, 266-267 (9th Dist.1992). A satisfaction of judgment causes an

appeal from that judgment to be moot. *Tutin* at ¶ 8, quoting *Blodgett v. Blodgett*, 49 Ohio St.3d

243, 245 (1990). "In a foreclosure case, satisfaction of judgment occurs when the subject

property has been sold and the proceeds of the sheriff's sale have been distributed." *Bayview

Loan Servicing v. Salem*, 9th Dist. Summit No. 27460, 2015-Ohio-2615, ¶ 7.

{¶11} After oral arguments, this Court requested that the parties brief whether this

appeal was moot. Huntington and Fairway responded that it was moot. Ms. Hunt acknowledged

that the sale proceeds had been distributed in June of 2017. She contended, however, that "the

distribution of the proceeds by the Summit County Clerk of Courts was not a voluntary

satisfaction by [Ms.] Hunt;" and, therefore, her argument on appeal was not moot. In support of

her position, Ms. Hunt relies on *Blodgett* and two cases from other districts, namely *MIF Realty

L.P. v. K.E.J. Corp.*, 6th Dist. Wood No. 94WD059, 1995 Ohio App. LEXIS 2082 (May 19,

1995); and *Governors Place Condominium Owners Assn., Inc. v. Unknown Heirs of Polson*, 11th

Dist. Lake No. 2016-L-070, 2017-Ohio-885.

{¶12} In *Blodgett*, the Ohio Supreme Court reversed a decision of this Court that had

addressed an appeal on the merits rather than dismissing it when the underlying judgment had

been satisfied. The Supreme Court noted, "It is a well-established principle of law that a

satisfaction of judgment renders an appeal from that judgment moot." *Id.* at 245. The Supreme

Court continued, "Where * * * the judgment is voluntarily paid and satisfied, such payment puts

an end to the controversy, and takes away from the defendant the right to appeal or prosecute

error or even to move for vacation of the judgment." (Internal quotation marks and citations omitted.) *Id.* Ms. Hunt focuses on the Supreme Court's use of the word "voluntarily" and contends that she did not act voluntarily with respect to the distribution of the sale proceeds.

{¶13} A judgment is voluntarily satisfied "where the party fails to seek a stay prior to the satisfaction of judgment." *CommuniCare Health Servs. v. Murvine*, 9th Dist. Summit No. 23557, 2007-Ohio-4651, ¶ 20. *Accord Spencer v. Kiowa Dev. Co.*, 9th Dist. Summit Nos. 19524, 19532, 2000 Ohio App. LEXIS 2, *3 (Jan. 5, 2000) (determining voluntariness based on defendant's failure "to timely avail itself of the legal remedy of a stay of execution").

{¶14} In the present matter, Ms. Hunt never sought a stay. This fact distinguishes the present case from the district court cases cited by Ms. Hunt. In *MIF Realty L.P.,* the appellant sought a stay at both the trial court level and at the appellate court level. 1995 Ohio App. LEXIS 2082 at *4. In *Unknown Heirs of Polson*, the Eleventh District stated that "no stay was obtained" without explicitly stating whether one had been requested. 2017-Ohio-885, at ¶ 31. Nonetheless, the Eleventh District relied on a line of cases wherein the appellants sought a stay but were unable to post the associated bond. *Id.* at ¶ 29, citing *U.S. Bank Natl. Assn. v. Mobile Assocs. Natl. Network Sys., Inc.*, 195 Ohio App.3d 699, 2011-Ohio-5284, ¶ 20 (10th Dist.) (requested stay, but unable to post bond), *LaSalle Bank Natl. Assn. v. Murray*, 179 Ohio App.3d 432, 2008-Ohio-6097, ¶ 26 (7th Dist.) (requested stay, but unable to post bond), *Ameriquest Mtge. Co. v. Wilson*, 11th Dist. Ashtabula No. 2006-A-0032, 2007-Ohio-2576, ¶ 8 (granted stay, but failed to post bond), *Chase Manhattan Mtge. Corp. v. Locker*, 2d Dist. Montgomery No. 19904, 2003-Ohio-6665, ¶ 34 (granted stay, but failed to post bond); (pinpoints and parentheticals added by this Court). Thus, the reasoning of the Eleventh District implies that a stay was at least requested.

{¶15} "The Ohio Supreme Court has recognized only two exceptions to the mootness doctrine," namely (1) "'if the issues are capable of repetition, yet evading review'" and (2) if the case "'involves a matter of public or great general interest.'" *Tutin*, 2009-Ohio-1333, at ¶ 9, quoting *In re Appeal of Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12, 14 (1989), paragraph one of the syllabus. In *Tutin*, this Court noted that some other district courts had "interpreted R.C. 2329.45 as creating an [additional] exception to the mootness doctrine in foreclosure cases." *Tutin* at ¶ 11, citing *Murray*, *Wilson*, and *Locker*. *Unknown Heirs of Polson* relies on those same cases in finding an exception because R.C. 2329.45 allows restitution to be ordered. *Unknown Heirs of Polson* at ¶ 29. This Court has repeatedly rejected that interpretation of R.C. 2329.45. *Tutin* at ¶ 11-16; *see also Saxon Mtge. Servs., Inc. v. Whitely*, 9th Dist. Summit No. 26739, 2013-Ohio-3221, ¶ 7-8, *Salem*, 2015-Ohio-2615, at ¶ 10. This Court has held that R.C. 2329.45 "'can only be construed to address appeals that have been taken from the confirmation of sale [wherein] the appealing party sought and obtained a stay of the distribution of proceeds pursuant to Civ.R. 62(B) and App.R. 7(A).'" *Salem* at ¶ 10, quoting *Tutin* at ¶ 15. In the present matter, this Court does not consider Ms. Hunt's failure to obtain a stay as she did not even take the first step of seeking a stay.

{¶16} Given that Ms. Hunt limits her argument to the sale proceeds, which were distributed without her ever seeking a stay, this Court concludes that her assignment of error is moot.

III.

{¶17} Because Ms. Hunt's assigned error is moot, this appeal is dismissed.

Appeal dismissed.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

THOMAS J. SACERICH, Attorney at Law, for Appellant.

DARCY MEHLING GOOD and ERIKA R. FINLEY, Attorneys at Law, for Appellee, Fairway Villas Condominium Association, Inc.

ERIC T. DEIGHTON, Attorney at Law, for Appellee, Huntington National Bank.

JOSEPH L. BEYKE, Attorney at Law, for Plaintiff.