[Cite as *Ohio Receivers Group v. Damene*, 2023-Ohio-4620.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| OHIO RECEIVERS GROUP, | : | APPEAL NO. C-230091 |
| | | TRIAL NO. A-1705952 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ZUFAN DAMENE, | : | |
| Defendant-Appellant, | : | |
| and | : | |
| UNKNOWN TENANTS, et al., | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: December 20, 2023

*Strauss Troy Co., LPA*, and *Philomena S. Ashdown*, for Plaintiff-Appellee,

*H. Leon Hewitt*, for Defendant-Appellant.

**CROUSE, Presiding Judge.**

{¶1} This appeal concerns the court-ordered sale of property owned by defendant-appellant Zufan Damene. Plaintiff-appellee Ohio Receivers Group ("ORG") filed a complaint under R.C. 3767.41 to have Damene's property declared a public nuisance. Eventually, the court appointed ORG as receiver for the property to abate the nuisance, and when ORG's efforts were thwarted, the court approved ORG's motion to sell the property. Damene appeals from the trial court's order approving the receiver's final report, granting the receiver's fees, and authorizing the receiver to sell Damene's property. However, because the trial court has since confirmed the sale of the property, we must dismiss this appeal as moot.

## I. Factual and Procedural History

{¶2} Damene's property at 2914 Seminole Street, Cincinnati, Ohio, (the "property") came to the attention of city building inspectors in 2012, who issued repair orders to correct problems identified on the property, "such as the need to repair gutters and downspouts, soffit, masonry walls, and siding." Little work was done to repair the property, and the city reissued repair orders in 2015. The city inspectors noted that little progress had been made leading up to October 2017, when the building was totally engulfed in a fire. The fire caused significant structural damage, including a partial collapse of the first floor of the building. As a result of the fire, the building was condemned by the city. When Damene failed to comply with orders to barricade the building for safety reasons until repairs were made, the city installed barricades and issued civil fines. The barricades were later removed, despite no work having been performed to remediate the safety concerns, and city inspectors found squatters on the site.

2

{¶3}    In November 2017, ORG filed a complaint under R.C. 3767.41 to have the property declared a public nuisance due to Damene's failure to maintain the property and remediate the hazardous conditions identified by the city building inspectors. Pursuant to the public-nuisance statute, ORG requested that the court order Damene to abate the nuisance condition, and if she failed to do so, to appoint a receiver to abate the nuisance condition. The complaint also named as defendants the city of Cincinnati and the Hamilton County Treasurer and Auditor (the "municipal defendants"), so that the city and county could protect their rights to tax and other assessments against the property.[1]

{¶4}    Damene answered the complaint pro se and requested additional time to secure counsel and to bring the property up to code.

{¶5}    In October 2018, ORG filed a motion for summary judgment requesting that the court find the property to be a public nuisance, as defined in R.C. 3767.41, and that the court appoint ORG as receiver to abate the nuisance. ORG supported its motion with an affidavit from the manager of the city's Property Maintenance Code Enforcement ("PMCE") Division, attesting to the enforcement history of the property and describing the nuisance conditions on the property. The city filed a response in support of ORG's motion, supported by the affidavit of the PMCE inspector responsible for the area where the property is located. In November 2018, the trial court granted ORG's unopposed motion.

{¶6}    In June 2020, ORG filed a motion requesting that the court authorize it to solicit bids for either abatement of the nuisance conditions or demolition of the property.  In its motion, ORG alleged that it had paid the property taxes not previously

---

[1] None of the municipal defendants are parties to this appeal.

paid by Damene and that Damene had been interfering with attempts to conduct repairs on the property by intimidating workers, changing locks, and removing posted notices. The motion also contained estimates of costs expected to be incurred, as well as the proposed Request for Proposals ("RFP") that it intended to publicize. The trial court granted the unopposed motion in July 2020.

{¶7} In November 2022, ORG filed a motion requesting that the court approve its final report, approve its fees and expenses as a first-priority lien on the property, and authorize it to sell the property free and clear of all liens and claims in lieu of abatement. ORG provided an itemized list of its expenses and a purchase contract for the property, signed by the proposed buyer, contingent on court approval. In addition to serving the motion on defendants as required, ORG published notice of its motion in the Cincinnati Court Index. Following a hearing attended only by ORG, the trial court granted ORG's unopposed motion and approved the sale on February 2, 2023.

{¶8} On March 2, 2023, Damene filed a notice of appeal of the court's order authorizing the sale. Damene did not request any stay of execution in the trial court or this court.

{¶9} In May 2023, ORG filed a motion in the trial court requesting confirmation of its sale of the property.

{¶10} We ordered jurisdictional briefing sua sponte on mootness in July 2023. Following briefing of the parties, on August 11, 2023, the court provisionally acknowledged jurisdiction on the basis that the sale had not yet been confirmed or the proceeds distributed. However, on August 14, the trial court entered its order confirming the sale and discharging ORG as receiver.

## *II. Analysis*

**{¶11}** Damene raises two issues on appeal, which although not identified as such in the brief, we interpret as assignments of error. First, Damene argues that the taking of her property is unconstitutional. Second, Damene argues that the receiver had a conflict of interest in selling the property to the buyer. However, before we can address either of Damene's arguments, we must determine whether the case has become moot following the trial court's confirmation of the sale.

**{¶12}** This court's duty "is to decide controversies between parties that can be carried into effect, and we need not render an advisory opinion on a moot question or question of law that cannot affect the issues in the case." *Cincinnati v. Twang, LLC*, 1st Dist. Hamilton No. C-200369, 2021-Ohio-4387, ¶ 27.

**{¶13}** We have not found any existing case law on when an appeal of the court-ordered sale of nuisance property under R.C. 3767.41 has become moot. Consequently, we look to the nearest analogous jurisprudence, which pertains to court-ordered sales under R.C. Chapter 2329. That chapter applies, inter alia, to foreclosure sales.

**{¶14}** "In foreclosure cases, as in all other civil actions, after the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties to the action." *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 16, quoted in *Art's Rental Equip., Inc. v. Bear Creek Constr., L.L.C.*, 1st Dist. Hamilton Nos. C-110544, C-110555, C-110558, C-110559, C-110564, C-110785, C-110792, C-110797, C-110798, C-110799, C-110800, C-110801, C-110808, and C-120309, 2012-Ohio-5371, ¶ 9.

**{¶15}** "Satisfaction of a judgment renders an appeal from that judgment

5

moot." *Art's Rental Equip.* at ¶ 7. Where the appellant has failed to request a stay pending appeal in the trial court, the nonappealing party may continue its efforts to have its judgment satisfied, even where an appeal is pending. *Id.* at ¶ 8. Where the party has not requested a stay of the judgment, the party has voluntarily satisfied the judgment. *Id.* If the judgment is satisfied before the appeal is decided, the appeal has become moot. *Id.*

{¶16} In foreclosure cases, the judgment is satisfied, rendering the appeal moot, when the property has been sold, the trial court has confirmed the sale, and the proceeds have been distributed. *Art's Rental Equip.* at ¶ 13.

{¶17} In this case, the property has been sold and the trial court has confirmed the sale. The trial court's orders do not reflect whether the proceeds have been distributed. However, we believe that the differences between the procedures for selling nuisance property under R.C. 3767.41 and sheriff's sales of foreclosure properties under R.C. Chapter 2329 may explain this omission. In a foreclosure case, the property is sold by an officer of the court, R.C. 2329.151(A), and the purchaser pays to that officer the balance due on the purchase only after the court confirms the sale. R.C. 2329.31(B). However, under R.C. 3767.41, the receiver is given authorization by the court to sell the property, under terms set by the judge, and the receiver collects and distributes the proceeds of the sale according to the statute. R.C. 3767.41(I). The court does not control the proceeds, except through its orders to the receiver.

### III. Conclusion

{¶18} Because the sale has been confirmed, and Damene never requested a stay of execution, the court's judgment has been satisfied. Consequently, this appeal has become moot and must be dismissed.

Appeal dismissed.

**WINKLER** and **BOCK, JJ.**, concur.

Please note:

    The court has recorded its entry on the date of the release of this opinion.