[Cite as *Pizarro-Allen v. Allen*, 2024-Ohio-2801.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ARLENE L. PIZARRO-ALLEN,              :

    Plaintiff-Appellee,              :

    v.              :              No. 112566

LEON L. ALLEN,              :

    Defendant-Appellant.              :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:**  July 25, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-22-389249

*Appearances:*

Kronenberg + Belovich Law, LLC and Jacob A. H. Kronenberg, *for appellee.*

Stafford Law Co., L.P.A., Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1}  Defendant-appellant Leon L. Allen ("Leon") appeals the decision of the trial court, which granted plaintiff-appellee Arlene L. Pizarro-Allen's ("Arlene")

motion for sale of the marital residence.  For the reasons that follow, we dismiss this appeal because the issue is now moot.

{¶ 2} In 2019, prior to the divorce that is the underlying claim in this case, a tax lien foreclosure was filed against the couple's home on Shaker Boulevard (the "Property") in Cuyahoga C. P. No. CV-19-920641 (the "Foreclosure").  On March 29, 2022, Arlene filed for divorce from Leon and on February 2, 2023, filed an ex parte motion for the sale of the Property.  After a hearing on the motion on February 27, 2023, which both parties and their representatives attended, the trial court granted the motion.  The trial court ordered Leon to quitclaim his interest in the Property to Arlene in order for her to sell the property.  Any proceeds were to be held by the court pending the dissolution of the marriage.  Leon appealed the decision, arguing the trial court's decision was an abuse of discretion, which brings the issue before this court on appeal.

{¶ 3} In the interim, the Foreclosure against the Property proceeded.  Although that case was stayed due to bankruptcy, the stay was lifted and default judgment for foreclosure was granted on behalf of the lienholder by a magistrate's decision on June 2, 2023, which was adopted by the trial court on June 26, 2023.  The Property was sold at a tax foreclosure sale on May 28, 2024.  The sale was subsequently confirmed on June 26, 2024.

{¶ 4} An appellate court's duty "is to decide controversies between parties that can be carried into effect, and we need not render an advisory opinion on a moot question or question of law that cannot affect the issues in the case."  *Cincinnati v.*

*Twang, LLC*, 2021-Ohio-4387, ¶ 27 (1st Dist.). Even if we were to find that Leon's assigned error had merit, a reversal would have no effect. "In a foreclosure case, the judgment is satisfied, rendering the appeal moot, when the property has been sold, the trial court has confirmed the sale, and the proceeds have been distributed." *Ohio Receivers Group v. Damene*, 2023-Ohio-4620, ¶ 16 (1st Dist.).

{¶ 5} Based on the foregoing, Leon's challenge to the trial court's order is moot. Accordingly, this appeal is dismissed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

LISA B. FORBES, P.J., and
MICHAEL JOHN RYAN, J., CONCUR